# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:25-cv-00069-JRG <br><br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:25-cv-00070-JRG <br><br> Member Case |

**COUNTERCLAIM DEFENDANT'S MOTION TO
DISMISS SAMSUNG AMENDED COUNTERCLAIMS 1–2**

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................ 1

III. LEGAL STANDARD ..................................................................................................... 2

IV.  ARGUMENT .................................................................................................................. 2

    A.   This Court Lacks Subject Matter Jurisdiction Over Counterclaims 1 and 2 Because They Involve Foreign Patents ................................................................................. 3

    B.   Counterclaims 1 and 2 Fail to State a Claim for Breach of Contract with Respect to Patents Not Asserted Against Samsung in This Case .................................................... 5

    C.   Counterclaim 2 (Breach of Duty of Good Faith) Fail as a Matter of Law and Should Be Dismissed ......................................................................................................... 5

V.   CONCLUSION ............................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .............................................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................................. 2

*Chartis Specialty Ins. Co. v. Tesoro Corp.*,
    930 F. Supp. 2d 653 (W.D. Tex. 2013) ................................................................................. 6

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ................................................................................................. 4

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
    No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018). ..................... 3

*Randall's Island Aquatic Leisure, LLC v. City of New York*,
    92 A.D.3d 463 (N.Y. App. Div. 2012) .................................................................................. 6

*Thompson v. City of Waco*,
    764 F.3d 500 (5th Cir. 2014) ................................................................................................. 2

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
    325 F. Supp. 3d 728 (N.D. Tex. 2018) .................................................................................. 4

*Voda v. Cordis Corp.*,
    476 F.3d 887 (Fed. Cir. 2007) ............................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 2

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 2

**I.     INTRODUCTION**

Samsung's first two counterclaims for breach of contract and breach of the duty of good faith against plaintiff Wilus fail as a matter of law and should be dismissed. Samsung claims that Wilus breached its FRAND commitments by initiating litigation regarding patents directed to the IEEE Wi-Fi 6 (802.11ax) standard. But Samsung's breach counterclaims improperly seek remedies well beyond the alleged FRAND violations concerning the four patents asserted by Wilus against Samsung in this case. Samsung's definition of the "Alleged Wi-Fi 6 SEPs" that form the basis of its counterclaims impermissibly encompasses foreign patents and Wilus U.S. patents not asserted in this action. Federal Circuit precedent makes clear that U.S. district courts lack jurisdiction over claims relating to foreign patents. And there is no plausible breach of any alleged FRAND obligations with respect to patents that Wilus has not asserted here.

Samsung's Counterclaims 1 and 2 should be dismissed.

**II.    BACKGROUND**

Wilus Institute of Standards and Technology Inc. ("Wilus") filed patent infringement complaints against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") in the above-captioned cases on January 23, 2025. Wilus's four asserted patents generally relate to wireless communications, and the accused products are Samsung's Wi-Fi 6 (802.11ax) enabled devices.

On May 5, 2025, Samsung answered and filed counterclaims against Wilus. Dkt. 34.[1]

---

[1] Samsung's counterclaims are substantially identical to those it has brought in its amended counterclaims in two other cases before this Court that have been consolidated under the Lead Case No. 2:24-cv-00752-JRG. Wilus has moved to dismiss the counterclaims in those cases, making substantially identical arguments to those in the present brief (-00752 Dkt. 116). That motion is currently still being briefed. Samsung's counterclaims are also very similar to the amended counterclaims asserted by HP in the present lead case (Dkt. 39), and thus the issues raised in this motion are similar to those raised in Wilus's soon to be filed motion to dismiss HP's Amended Counterclaims.

Samsung's counterclaims allege that Wilus's licensing agent, Sisvel International N.A. ("Sisvel"), operates a Wi-Fi 6 "patent pool" that comprises patents alleged to be essential to the Wi-Fi 6 standard, and that Sisvel negotiates patent licenses on behalf of Wilus and other members of this patent pool. Dkt. 34 ¶¶ 12–14. Samsung further alleges these lawsuits involve patents that Wilus and Sisvel have asserted are essential to practicing the IEEE's Wi-Fi 6 standard (Samsung does not admit they are essential), and that Wilus had a contractual obligation to license the patents on FRAND terms. *Id.* ¶¶ 17, 23–27. According to Samsung, Wilus breached its FRAND obligations by refusing to offer Samsung a license to the "Alleged Wi-Fi 6 SEPs" on FRAND terms. *Id.* ¶¶ 46–73. Counterclaims 1 and 2 for breach of contract and breach of the duty of good faith should be dismissed.

### III. LEGAL STANDARD

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must state facts sufficient to render a claim plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires more than a "sheer possibility" the claims are true. *Id.* While the court must accept well-pleaded facts as true, it is not required to accept legal conclusions as true. *Id.*

### IV. ARGUMENT

Samsung's Counterclaims 1 and 2 allege that "Wilus has breached its obligations to the IEEE, to Samsung, and to companies like Samsung by refusing to offer Samsung a license to the

Alleged Wi-Fi 6 SEPs on FRAND terms and conditions, failing to negotiate and act in good faith, and by using injunctive relief to obtain leverage in licensing discussions for SEPs." Dkt. 34 ¶¶ 53, 66. Samsung vaguely defines the "Alleged Wi-Fi 6 SEPs" as "[t]he Wilus patents that formed the offers made by Sisvel." *Id.* ¶ 17 (emphasis added). These counterclaims overreach by going well beyond the four patents asserted by Wilus against Samsung in this case. In particular, the counterclaims fail because the "Alleged Wi-Fi 6 SEPs," as Samsung defines that term, include (1) foreign patents not assertable in U.S. courts, and (2) and Wilus's U.S. patents not asserted in this action.

### A.   This Court Lacks Subject Matter Jurisdiction Over Counterclaims 1 and 2 Because They Involve Foreign Patents

This Court, relying on Federal Circuit precedent, has recognized on multiple occasions that it lacks subject matter jurisdiction over foreign patents. In *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020), plaintiffs sought a declaratory judgment regarding their FRAND obligations with respect to standards essential patents. *Id.* at *1. The Court granted Apple's motion to dismiss because the claim implicated plaintiffs' obligations with respect to foreign patents, explaining "'it is almost always an abuse of discretion' to assume jurisdiction 'over a foreign patent infringement claim' and that this reasoning should apply equally to the hypothetical breach of a FRAND contract." *Id.* at *3 (citing *Voda v. Cordis Corp.*, 476 F.3d 887, 902 (Fed. Cir. 2007); *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018)). "[C]laims asking the Court to pass upon foreign obligations under foreign laws related to foreign patents are best left to the courts of those foreign countries." *Id.*

The same reasoning applies here. Samsung alleges that Sisvel operates a "Wi-Fi 6 'patent pool'" comprising "Wi-Fi 6 standard essential patents owned and/or controlled by the patent

3

owners that are part of its Wi-Fi 6 patent pool." Dkt. 34 ¶ 14. Samsung further alleges that "Sisvel sent a letter to Samsung on April 8, 2022, offering a license to the Wi-Fi 6 SEPs in its pool," and defines the "Alleged Wi-Fi 6 SEPs" as "[t]he Wilus patents that formed the offers made by Sisvel." *Id.* ¶¶ 15, 17. While Samsung also alleges that the letter "specifically referenc[ed] the '186 patent" and identifies a second letter "specifically referencing the '186 and '926 patents" (*Id.* ¶ 15), critically, Samsung does *not* limit the "Alleged Wi-Fil 6 SEPs" to only the four asserted patents. Rather, Samsung's definition encompasses all Wilus Wi-Fi 6 SEPs in Sisvel's patent pool, which includes numerous foreign patents.² Samsung's breach of contract claim improperly seeks adjudication of Wilus's FRAND obligations with respect to such foreign patents, either through Wilus or Sisvel, and should be dismissed.

These claims would not be salvaged even if limited to U.S. patents owned by Wilus. In *Optis*, after a bench trial to evaluate any evidence of negotiations over U.S.-only patents (there was none), the Court found that Optis had failed to offer a license to only its U.S. patents and dismissed the remainder of the claim. *Optis*, 2021 WL 2349343, at *2. Here, Samsung has not

---

² HP's counterclaims reference the patents listed in the Wi-Fi 6 patent brochure published on Sisvel's website, which lists the patents currently part of Sisvel's Wi-Fi 6 pool offer and is available at: https://www.sisvel.com/xlin7ipl485u/1kNkzUZptdvqKbYiX1DSfi/f518e18ee158be974d3c83f7cd7173be/Wi-Fi_6_Pool_patent_brochure.pdf. *See* Dkt. 39 ¶ 19. Pages 107 through 147 show numerous foreign patents owned by Wilus and SK Telecom. Though Samsung does not specifically reference this brochure, Samsung's counterclaims contain quotes from the webpage providing the link to this brochure: https://www.sisvel.com/licensing-programmes/Wi-Fi/wifi-6/. *See, e.g.*, Dkt. 34 ¶ 28 ("According to Sisvel, the pool provides a 'one-stop shop solution to license all standard essential patents owned or controlled by the participating patent owners.'"). Samsung thus cannot legitimately dispute that this is the patent pool offer to which its counterclaims refer, and that this patent pool includes foreign patents. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (courts may properly consider documents referenced in but not attached to a complaint); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 325 F. Supp. 3d 728, 746 (N.D. Tex. 2018), *aff'd sub nom. Mun. Employees' Ret. Sys. of Michigan v. Pier 1 Imports, Inc.*, 935 F.3d 424 (5th Cir. 2019) ("Judicial notice of publicly available documents," including statements on a public website, "is appropriate for ruling on a motion to dismiss.").

alleged—because it cannot—that there was either an offer or negotiations concerning a license limited to only U.S. patents owned by Wilus that also included patents not asserted in this action. Accordingly, Samsung has failed to allege a breach of FRAND obligations that includes patents not asserted in these actions but does not also require an adjudication of non-U.S. patent rights. Counterclaims 1 and 2 should thus be dismissed for lack of subject matter jurisdiction for this reason alone.

### B. Counterclaims 1 and 2 Fail to State a Claim for Breach of Contract with Respect to Patents Not Asserted Against Samsung in This Case

Counterclaims 1 and 2 fail for another reason: they encompass patents not asserted against Samsung in these actions. Samsung claims that "the patents asserted in this action" are alleged by Wilus and Sisvel to be essential to the Wi-Fi 6 standard, and that they breached their FRAND obligations in bringing this lawsuit and "using injunctive relief to obtain leverage in licensing discussions for SEPs." Dkt. 34 ¶¶ 47, 53, 66. However, the "Alleged Wi-Fi 6 SEPs"—the foundation of Samsung's breach of contract claim—include patents not asserted against Samsung in litigation. *See id.* ¶¶ 17, 52. While Samsung's breach of contract counterclaim states that "Wilus had a contractual obligation to offer to license the Alleged Wi-Fi 6 SEPs, *including* the patents asserted here, on FRAND terms" (*id.* ¶ 52), Samsung avoids stating that the Alleged Wi-Fi 6 SEPs are *limited to* the patents asserted here. Indeed, aside from the patents-in-suit, Samsung has not specifically identified any patents that are part of the "Alleged Wi-Fi 6 SEPs" and for which Samsung was allegedly denied a license on FRAND terms, let alone patents where Wilus's actions would form a basis for a breach of contract claim. Counterclaims 1 and 2 should thus be dismissed, as Samsung has failed to plausibly allege any duty or breach thereof with respect to patents not asserted by Wilus against Samsung.

### C. Counterclaim 2 (Breach of Duty of Good Faith) Fail as a Matter of Law and Should Be Dismissed

5

Counterclaim 2 for breach of the duty of good faith fails for the reasons discussed above, as "a claim for breach of the implied covenant of good faith and fair dealing cannot exist absent a breach of contract." *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 665 (W.D. Tex. 2013); *see also Randall's Island Aquatic Leisure, LLC v. City of New York*, 92 A.D.3d 463, 463 (N.Y. App. Div. 2012) ("There can be no claim of breach of the implied covenant of good faith and fair dealing without a contract."). If the Court finds that Counterclaim 1 for breach of contract should be dismissed, so too should Counterclaim 2.

## V.   CONCLUSION

For the foregoing reasons, Samsung's Counterclaims 1 and 2 should be dismissed.

Dated: May 19, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino/
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 19th day of May, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

*/s/ Reza Mirzaie*