# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Case No. 2:25-cv-00069-JRG <br> Lead Case |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:25-cv-00070-JRG |

**COUNTERCLAIM DEFENDANT'S MOTION TO
DISMISS SAMSUNG AMENDED COUNTERCLAIMS 1–2**

TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................ 1

III. LEGAL STANDARD .................................................................................................... 2

IV.  ARGUMENT .................................................................................................................. 3

     A.  Samsung Has Failed to Plausibly Allege that Wilus Breached Its FRAND Obligations ........................................................................................................ 3

     B.  Counterclaims 1 and 2 Fail to State a Claim for Breach of Contract with Respect to Patents Not Asserted Against Samsung in This Case ............................................. 5

     C.  This Court Lacks Subject Matter Jurisdiction Over Counterclaims 1 and 2 Because They Involve Foreign Patents ................................................................ 6

     D.  Counterclaim 2 for Breach of Duty of Good Faith Fails as a Matter of Law and Should Be Dismissed ........................................................................................ 8

     E.  To the Extent Samsung's Counterclaims Allege Two Independent Theories of Breach, They Should at Least Be Dismissed as to the FRAND Theory .................. 9

V.   CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 2

*Chartis Specialty Ins. Co. v. Tesoro Corp.*,
   930 F. Supp. 2d 653 (W.D. Tex. 2013) ................................................................................ 8

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ................................................................................................ 7

*Mun. Employees' Ret. Sys. of Michigan v. Pier 1 Imports, Inc.*,
   935 F.3d 424 (5th Cir. 2019) ................................................................................................ 7

*Optis Cellular Tech., LLC v. Apple Inc.*,
   No. 2022-1904, 2025 WL 1680253 (Fed. Cir. June 16, 2025) ............................................. 8

*Optis Wireless Tech., LLC v. Apple Inc.*,
   No. 2:19-CV-00066-JRG, 2021 WL 2349343 (E.D. Tex. Apr. 14, 2021) ............................ 8

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
   No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018). .................... 7

*Thompson v. City of Waco*,
   764 F.3d 500 (5th Cir. 2014) ................................................................................................ 2

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
   325 F. Supp. 3d 728 (N.D. Tex. 2018) ................................................................................. 7

*Voda v. Cordis Corp.*,
   476 F.3d 887 (Fed. Cir. 2007) .............................................................................................. 7

## I. INTRODUCTION

Samsung's first two counterclaims for breach of contract and breach of the duty of good faith against plaintiff Wilus fail as a matter of law and should be dismissed. Samsung claims that Wilus breached its FRAND commitments by initiating litigation regarding patents directed to the IEEE Wi-Fi 6 (802.11ax) standard. But Samsung has failed to plead facts sufficient to support an actionable breach. And even if Wilus's initiation of these lawsuits after *over three years* of correspondence with Samsung regarding a license could plausibly be construed as a breach, Samsung's counterclaims improperly seek remedies well beyond the alleged FRAND violations concerning the four patents asserted against Samsung in this case. Samsung's definition of the "Alleged Wi-Fi 6 SEPs" that form the basis of its counterclaims impermissibly encompasses foreign patents and Wilus U.S. patents not asserted in this action. Federal Circuit precedent makes clear that U.S. district courts lack jurisdiction over claims relating to foreign patents. And there is no plausible breach of any alleged FRAND obligations with respect to patents that Wilus has not asserted here.

Samsung's Counterclaims 1 and 2 should be dismissed.

## II. BACKGROUND

Wilus Institute of Standards and Technology Inc. ("Wilus") filed a patent infringement complaint against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") in the above-captioned case in January 23, 2025. That case has been consolidated for pretrial purposes with Lead Case No. 2:25-cv-00069. *See* Dkt. 14. The patents asserted by Wilus generally relate to wireless communications, and the accused products are Samsung's Wi-Fi 6 (802.11ax) enabled devices. Dkt. 1 ¶ 20.

On May 5, 2025, Samsung answered and filed counterclaims against Wilus. Dkt. 34. Wilus moved to dismiss Samsung's counterclaims 1 and 2 (Dkt. 42), and in response, Samsung filed amended counterclaims. Dkt. 48. Samsung's counterclaims allege that Wilus's licensing agent, Sisvel International N.A. ("Sisvel"), operates a Wi-Fi 6 "patent pool" that comprises patents alleged to be essential to the Wi-Fi 6 standard, and that Sisvel negotiates patent licenses on behalf of Wilus and other members of this patent pool. *Id.* ¶¶ 11–14. Samsung further alleges these lawsuits involve patents that Wilus and Sisvel have asserted are essential to practicing the IEEE's Wi-Fi 6 standard (Samsung does not admit they are essential), and that Wilus had a contractual obligation to license the patents on FRAND terms. *Id.* ¶¶ 17, 23–27. According to Samsung, Wilus breached its FRAND obligations by refusing to offer Samsung a license to the "Alleged Wi-Fi 6 SEPs" on FRAND terms. *Id.* ¶¶ 46–73. Counterclaims 1 and 2 for breach of contract and breach of the duty of good faith should be dismissed.[1]

## III.   LEGAL STANDARD

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must state facts sufficient to render a claim plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] Samsung's counterclaims are substantially identical to those set forth in its amended counterclaims in two other cases before this Court that have been consolidated under Lead Case No. 2:24-cv-00752-JRG. Wilus has moved to dismiss the counterclaims in those cases, making substantially identical arguments to those in the present brief. *See* -00752 Case, Dkt. 116. Samsung's counterclaims are also very similar to the amended counterclaims asserted by HP in the instant lead case (Dkt. 39), and thus the issues raised in this motion are similar to those raised in Wilus's motion to dismiss HP's amended counterclaims in the -00752 Case (-00752 Case, Dkt. 113), the result of which, pursuant to the parties' stipulation (Dkt. 50), will govern HP's amended counterclaims in this case.

2

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires more than a "sheer possibility" the claims are true. *Id.* While the court must accept well-pleaded facts as true, it is not required to accept legal conclusions as true. *Id.*

## IV.    ARGUMENT

Samsung's Counterclaims 1 and 2 fail to plausibly allege that Wilus breached its alleged FRAND obligations with respect to the Wi-Fi 6 SEPs. As an initial matter, there is no actionable breach, as Samsung's own allegations make clear that Sisvel corresponded with Samsung for over three years regarding a license on FRAND terms and conditions. Further, Samsung broadly defines the "Alleged Wi-Fi 6 SEPs" as "[t]he Wilus patents that formed the offers made by Sisvel, inclusive of the Asserted Patents." *Id.* ¶ 17. The counterclaims thus fail because the "Alleged Wi-Fi 6 SEPs," as Samsung defines that term, include (1) Wilus's U.S. patents not asserted in this action, and (2) foreign patents not assertable in U.S. courts.

### A.    Samsung Has Failed to Plausibly Allege that Wilus Breached Its FRAND Obligations

Paragraph 15 of Samsung's counterclaims alleges that in April 2022, Sisvel sent a letter to Samsung "*offering a license to the Wi-Fi 6 SEPs in its pool*," and then in October 2023, Sisvel sent another letter "and *again offered to provide Samsung with a license to the Wi-Fi 6 patent pool*, specifically referencing the '186 and '926 patents, *'under fair, reasonable, and non-discriminatory ('FRAND') terms.'*" Dkt. 48 ¶ 15 (emphases added). The next paragraph alleges that Samsung and Sisvel corresponded for over three years, during which time "Samsung attempted to understand Sisvel's licensing model," and then "for unknown reasons and without

3

warning, on January 23, 2025, Wilus, a member of Sisvel's Wi-Fi 6 patent pool, filed this suit against Samsung." *Id.* ¶ 16.[2]

Nowhere does Samsung allege that Samsung actually sought to license Wilus's Wi-Fi 6 SEPs (whether a Wilus-only license or through the pool), that Wilus (or Sisvel, on behalf of Wilus) refused to negotiate with Samsung, or even that they refused to provide further information about Sisvel's licensing model. Rather, the counterclaims make clear that Wilus/Sisvel continued to pursue negotiations with Samsung for *over three years*, and that Samsung was not interested in signing a license because it purportedly could not understand Sisvel's licensing model—not because it believed the offer was not FRAND or due to any other failure on Wilus's part. Indeed, if it is true, as Samsung suggests, that it did not understand Sisvel's licensing model, then Samsung can make no credible argument that Sisvel's offers were not FRAND. In other words, Samsung's pleadings establish that Samsung was unable to determine whether the offers were FRAND or not. Moreover, Samsung does not assert that it ever even made any counteroffers or otherwise attempted to negotiate the terms offered by Wilus/Sisvel—just that it "attempted to understand Sisvel's licensing model"—for three years *Id.* ¶ 16.

Samsung's conclusory allegation that Wilus breached its FRAND obligations by "refusing to offer Samsung a license to the Alleged Wi-Fi 6 SEPs (including the asserted patents) on FRAND terms and conditions, failing to negotiate and act in good faith, and by using injunctive relief to obtain leverage in licensing discussions for SEPs" (*id.* ¶ 53) is not only unsupported by any specific pleaded facts, but is directly contradicted by Samsung's own allegation that Sisvel's letters "offered to provide Samsung with a license to the Wi-Fi 6 patent pool … 'under … FRAND …

---

[2] During years of discussions, Sisvel presented multiple offers to Samsung for licenses that included the patents that Wilus has asserted in this action, including offers for Samsung to take a license to the entire Sisvel Wi-Fi 6 patent pool or for Samsung to license only the Wilus patents from the pool.

4

terms.'" *Id.* ¶ 15. Nor does Samsung's after-the-fact, unilateral, subjective belief (apparently without being able to understand the offer) that the offer "was not on FRAND terms and conditions" (*id.* ¶ 53) support that Wilus breached its FRAND obligations. Samsung does not explain why the offer was not FRAND-compliant, or that it ever even communicated this purported belief to Wilus or Sisvel. It is clear that Samsung was not interested in taking a license at all. Wilus corresponded with Samsung for over three years in an attempt to license its Wi-Fi 6 SEPs under FRAND terms and conditions, and thus fulfilled its FRAND obligations. *Id.* ¶¶ 15–16. That Samsung declined to take a license does not make Wilus liable for breach. Wilus was not obligated to continue corresponding with Samsung indefinitely and simply let Samsung hold-out and continue to infringe its patents.

Samsung's claim that Wilus breached its FRAND commitments is contradicted by Samsung's own allegations and should be dismissed.

### B. Counterclaims 1 and 2 Fail to State a Claim for Breach of Contract with Respect to Patents Not Asserted Against Samsung in This Case

Counterclaims 1 and 2 fail for another reason: they encompass patents not asserted against Samsung in this action. Even under the most generous interpretation of Samsung's breach of contract allegations, the alleged "breach" could only be based on Wilus bringing this lawsuit ("without warning," despite no obligation to provide any such warning, and despite Wilus/Sisvel corresponding with Samsung regarding a license for over three years). Dkt. 48 ¶ 15; *see also id.* ¶¶ 47, 53, 66 (alleging that "the patents asserted in this action" are alleged by Wilus and Sisvel to be essential to the Wi-Fi 6 standard, and that Wilus breached its FRAND obligations by "using injunctive relief to obtain leverage in licensing discussions for SEPs").

This lawsuit is limited to the four patents asserted in Wilus's complaint. Dkt. 1. But the "Alleged Wi-Fi 6 SEPs"—the foundation of Samsung's breach of contract counterclaim—include

5

patents not asserted against Samsung in litigation. *See* Dkt. 48 ¶¶ 17, 52. While Samsung's breach of contract counterclaim states that "Wilus had a contractual obligation to offer to license the Alleged Wi-Fi 6 SEPs, *including* the patents asserted here, on FRAND terms" (*id.* ¶ 52 (emphasis added)), Samsung avoids stating that the Alleged Wi-Fi 6 SEPs are *limited to* the patents asserted here. Indeed, aside from the patents-in-suit, Samsung has not specifically identified any patents that are part of the "Alleged Wi-Fi 6 SEPs" and for which Samsung was allegedly denied a license on FRAND terms, let alone patents where Wilus's actions would form a basis for a breach of contract claim.

To be sure, Wilus does not contend that an accused infringer like Samsung must always wait until the patent owner sues (or threatens to sue) for patent infringement on all SEPs in its portfolio in order to give rise to a claim for breach of contract based on alleged FRAND commitments. But here, the only plausible breach (if any) arises from Wilus's filing of this lawsuit. The alleged breach therefore does not apply to patents that are not asserted in this lawsuit. Counterclaim 1 should thus be dismissed, as Samsung has failed to plausibly allege any duty or breach thereof with respect to patents not asserted by Wilus against Samsung.

      **C.**    **This Court Lacks Subject Matter Jurisdiction Over Counterclaims 1 and 2 Because They Involve Foreign Patents**

This Court, relying on Federal Circuit precedent, has recognized on multiple occasions that it lacks subject matter jurisdiction over foreign patents. In *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020), plaintiffs sought a declaratory judgment regarding their FRAND obligations with respect to standards essential patents. *Id.* at *1. The Court granted Apple's motion to dismiss because the claim implicated plaintiffs' obligations with respect to foreign patents, explaining "'it is almost always an abuse of discretion' to assume jurisdiction 'over a foreign patent infringement claim' and that this reasoning

should apply equally to the hypothetical breach of a FRAND contract." *Id.* at *3 (citing *Voda v. Cordis Corp.*, 476 F.3d 887, 902 (Fed. Cir. 2007); *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-cv-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018)). "[C]laims asking the Court to pass upon foreign obligations under foreign laws related to foreign patents are best left to the courts of those foreign countries." *Id.*

The same reasoning applies here. Samsung alleges that Sisvel operates a "Wi-Fi 6 'patent pool'" comprising "all Wi-Fi 6 standard essential patents owned and/or controlled by the patent owners that are part of its Wi-Fi 6 patent pool." Dkt. 48 ¶ 14. Samsung further alleges that in April 2022 and October 2023, Sisvel sent letters to Samsung offering a license to the Wi-Fi 6 SEPs in its pool, and the "Alleged Wi-Fi 6 SEPs" are defined as "[t]he Wilus patents that formed the offers made by Sisvel, inclusive of the Asserted Patents." *Id.* ¶¶ 15, 17. Critically, Samsung does *not* limit the "Alleged Wi-Fi 6 SEPs" to only the four asserted patents. Rather, Samsung's definition encompasses all Wilus Wi-Fi 6 SEPs in Sisvel's patent pool, which includes numerous foreign patents.³ Samsung's breach of contract claim improperly seeks adjudication of Wilus's FRAND

---

³ HP's counterclaims reference the patents listed in the Wi-Fi 6 patent brochure published on Sisvel's website, which lists the patents currently part of Sisvel's Wi-Fi 6 pool offer and is available at: https://www.sisvel.com/xlin7ipl485u/1kNkzUZptdvqKbYiX1DSfi/f518e18ee158be974d3c83f7cd7173be/Wi-Fi_6_Pool_patent_brochure.pdf. *See* Dkt. 39 ¶ 19. Pages 107 through 147 show numerous foreign patents owned by Wilus and SK Telecom. Though Samsung does not specifically reference this brochure, Samsung's counterclaims contain quotes from the webpage providing the link to this brochure: https://www.sisvel.com/licensing-programmes/Wi-Fi/wifi-6/. *See, e.g.*, Dkt. 48 ¶ 28 ("According to Sisvel, the pool provides a 'one-stop shop solution to license all standard essential patents owned or controlled by the participating patent owners.'"). Samsung thus cannot legitimately dispute that this is the patent pool offer to which its counterclaims refer, and that this patent pool includes foreign patents. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (courts may properly consider documents referenced in but not attached to a complaint); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 325 F. Supp. 3d 728, 746 (N.D. Tex. 2018), *aff'd sub nom. Mun. Employees' Ret. Sys. of Michigan v. Pier 1 Imports, Inc.*, 935 F.3d 424 (5th Cir. 2019) ("Judicial notice of publicly available documents," including statements on a public website, "is appropriate for ruling on a motion to dismiss.").

obligations with respect to such foreign patents, either through Wilus or Sisvel, and should be dismissed.

These claims would not be salvaged even if limited to U.S. patents owned by Wilus. In *Optis*, after a bench trial to evaluate any evidence of negotiations over U.S.-only patents (there was none), the Court found that Optis had failed to offer a license to only its U.S. patents and dismissed the remainder of the claim. *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2021 WL 2349343, at *2 (E.D. Tex. Apr. 14, 2021), *vacated and remanded on other grounds*, *Optis Cellular Tech., LLC v. Apple Inc.*, No. 2022-1904, 2025 WL 1680253 (Fed. Cir. June 16, 2025). Here, Samsung has not alleged—because it cannot—that there was either an offer or negotiations concerning a license limited to only U.S. patents owned by Wilus that also included patents not asserted in this action. Accordingly, Samsung has failed to allege a breach of FRAND obligations that includes patents not asserted in these actions but does not also require an adjudication of non-U.S. patent rights. Counterclaims 1 and 2 should thus be dismissed for lack of subject matter jurisdiction.

### D.  Counterclaim 2 for Breach of Duty of Good Faith Fails as a Matter of Law and Should Be Dismissed

Counterclaim 2 for breach of the duty of good faith fails for the reasons discussed above, as "a claim for breach of the implied covenant of good faith and fair dealing cannot exist absent a breach of contract." *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 665 (W.D. Tex. 2013); *see also Randall's Island Aquatic Leisure, LLC v. City of New York*, 92 A.D.3d 463, 463 (N.Y. App. Div. 2012) ("There can be no claim of breach of the implied covenant of good

8

faith and fair dealing without a contract."). If the Court finds that Counterclaim 1 for breach of contract should be dismissed, so too should Counterclaim 2.

      **E.    To the Extent Samsung's Counterclaims Allege Two Independent Theories of Breach, They Should at Least Be Dismissed as to the FRAND Theory**

To the extent the Court determines that Samsung has sufficiently pleaded claims for breach based upon Wilus's alleged disclosure obligations, the Court should dismiss the portions of counterclaims 1 and 2 that are based on Wilus's alleged breach of FRAND obligations. *See, e.g.*, *Optis*, 2018 WL 3375192, at *8–9 (E.D. Tex. July 11, 2018) (partially dismissing breach of FRAND claims "as to the non-U.S. patents").

**V.    CONCLUSION**

For the foregoing reasons, Samsung's Counterclaims 1 and 2 should be dismissed.

9

Dated: June 24, 2025

Respectfully submitted,

/s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Jacob Buczko
CA State Bar No. 269408
Email: jbuczko@raklaw.com
Jonathan Ma
CA State Bar No. 312773
Email: jma@raklaw.com
Mackenzie Paladino/
NY State Bar No. 6039366
Email: mpaladino@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

Andrea L. Fair
Email: andrea@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400

*Attorneys for Plaintiff and Counterclaim Defendant Wilus Institute of Standards and Technology, Inc.*

10

## CERTIFICATE OF SERVICE

I certify that on June 24, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

/s/ *Reza Mirzaie*
Reza Mirzaie