IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:25-CV-00069-JRG |
| HP INC., | § § | (LEAD CASE) |
| Defendant. | § § § | |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:25-CV-00070-JRG |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | (MEMBER CASE) |
| Defendants. | § § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is **ORDERED AS FOLLOWS**:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a)   the correct names of the parties to the lawsuit;

  (b)  the name, address, and telephone number of any potential parties;

  (c)  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

  (d)  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

  (e)  any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  (f)  any settlement agreements relevant to the subject matter of this action; and

  (g)  any statement of any party to the litigation.

**2.**  **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  (a)  if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

  (b)  for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.  **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

 (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

  i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

  ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

 (b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party

---

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

        that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)     provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.**    **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

**5.**    **Discovery Limitations.**[3] The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

    **(a)**   **Interrogatories**: Plaintiff may serve 15 common interrogatories on each Defendant Group (as defined below). Plaintiff may serve 25 additional defendant-specific interrogatories on each Defendant Group. The Defendant Groups collectively may serve 15 common interrogatories on Plaintiff. Each Defendant Group may individually serve 25 additional interrogatories on Plaintiff.

---

[3] Discovery shall be coordinated across all of these actions : *Wilus Institute of Standards and Technology, Inc. v. HP Inc*., No. 2:24-cv-0752-JRG (E.D. Tex.) (lead case); *Wilus Institute of Standards and Technology, Inc. v. Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc*., No. 2:24-cv-00746-JRG (E.D. Tex.); *Wilus Institute of Standards and Technology, Inc. v. HP, Inc.*, No. 2:24-cv-00764-JRG (E.D. Tex.); and *Wilus Institute of Standards and Technology, Inc. v. Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc*., No. 2:24-cv-00765-JRG (E.D. Tex.). The Parties agree to coordinate in good faith with respect to the re-use of applicable discovery amongst cases, and the following reduced limits reflect that. Cross-use of documents produced by a Party is permitted amongst these cases.

    (b)    **Requests for admission**: Plaintiff may serve up to 15 common requests for admission and 25 specific requests for admission on each Defendant Group. All defendants may together serve 15 common requests for admission on Plaintiff. Each Defendant Group may individually serve 25 specific requests for admission on Plaintiff. Each Side is permitted an unlimited number of requests for admission for authentication of documents. Prior to serving requests for admission relating to authenticity, the parties agree to meet and confer telephonically to determine whether agreement may be reached before serving such requests.

    (c)    **Fact Depositions (non-expert):**

- Each Defendant Group shall each be subject to a maximum of 60 hours of depositions. For the purposes of calculating deposition hour limits only, a 30(b)(1) deposition of a current employee of a party constitutes a deposition of that party.

- Plaintiff shall be subject to a maximum of 60 hours of deposition. For each 30(b)(6) deponent offered by Plaintiff, each Defendant Group may jointly take five (5) hours of deposition testimony of each deponent, with an additional two (2) hours per deponent per Defendant Group. No more than seven (7) hours of fact deposition may be taken of one person in one day without the consent of the deponent. For witnesses solely deposed under 30(b)(1), it will be 7 hours maximum. For the purposes of calculating deposition hour limits only, a 30(b)(1) deposition of a current employee of a party

- 5 -

constitutes a deposition of that party. To reduce redundancy and inconvenience to the Parties, the Defendants may coordinate and allocate those hours to subjects common to all Defendants and to testimony that is specific to each Defendant Group.

- Depositions conducted via translation shall be entitled to additional record time, resulting in a total of no more than 10 hours of record time with a deponent whose deposition is occurring with the assistance of a translator. In no event, however, shall a witness whose deposition is occurring with the assistance of a translator be required to testify for more than 7 hours in one day unless otherwise stipulated or ordered.

- Party fact witnesses include a party's corporate designees under FRCP 30(b)(6) and a party's directors, officers, employees, agents, and representatives deposed in their individual capacity under FRCP 30(b)(1). The Parties shall endeavor to depose any party fact witnesses within one day.

- Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, the number of witnesses identified in initial disclosed, or the addition or dismissal of any Parties, in this case. These provisions, further, may be amended by agreement of the Parties.

The above cumulative limits on deposition time do not constitute any agreements by the parties that an opposing party is entitled to take its

maximum hours of testimony from them; nor does this cumulative limit alter the limitation on each deposition's duration specified under the Federal Rules. The deposition provided for in the Court's model ESI order is excluded from this deposition limit.

(d) **Expert Depositions**: The Parties shall meet and confer in advance of each expert deposition to determine the appropriate number of hours of deposition per expert, but generally, no single expert will be deposed for more than 7 hours total per report. The Parties will meet and confer in the event that a Party feels that more than 7 hours is needed for the deposition of any expert. Notwithstanding the foregoing, if an expert offers [non]infringement or damages opinions in a single report for or against more than one Defendant Group, that expert may be deposed for an additional 2 hours for each additional Defendant Group for which he offers opinions (e.g., if an expert offers infringement opinions for both the HP and Samsung Defendant Groups, he may be deposed for 9 hours). Experts, however, shall not be deposed for more than 7 hours in one day as set forth in Rule 30(d)(1) unless otherwise agreed to by the parties. If any party serves a supplemental expert report, the Parties will meet and confer on whether any deposition is needed and if so, what the duration of the deposition should be. A single expert declaration, provided apart form an expert report, includes any rebuttal or supplemental declaration on the same topic, as for example in support of claim construction briefing. If such declaration, rebuttal declaration, or supplemental declaration is provided

after the expert's deposition, the parties will meet and confer to negotiate whether a limited additional deposition of such expert is necessary. The foregoing provisions regarding expert discovery do not apply to claim construction discovery.

(e) **Third Party/Non-Party Discovery**: The parties may serve as many third-party document and deposition subpoenas as needed. The parties may also serve depositions upon written questions on third party pursuant to Fed. R. Civ. P. 31, as well as depositions on written questions of custodians of business records for third parties. Each of Plaintiff and the Defendant Group may take up to eighty (80) hours of non-party depositions.

(f) **Translated Depositions**: For any deposition that requires a translation between English and any foreign language, the time limits set forth above shall be increased by a factor of 1.4. For purposes of clarity, if an entire deposition is translated, the taking party is entitled to 10 hours of record time, of which 7 hours shall count towards the deposition limits established in this Order**.** In no event, however, shall a witness whose deposition is occurring with the assistance of a translator be required to testify for more than 7 hours of actual deposition time in one day unless otherwise stipulated or ordered.

(g) **Additional Parties**: If additional parties are added to the related cases, the limits agreed to herein shall continue to apply to the original parties only.

(h) **Definitions:** "Side" means a party or a group of parties with a common interest, i.e., Defendants comprise one side and the Plaintiff comprises the

       other side.  A "Defendant Group" is the group of commonly accused Defendants, i.e., the Samsung Defendant Group is Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

These provisions may be amended by agreement of the parties. Any party may later move to modify these limitations for good cause.

**6.**  **Privileged Information.** There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

**7.**  **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure

      5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

**8.**    **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**9.**    **Discovery Disputes.**

    (a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b)    An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

 (c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

 (d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

 (e) Any change to a party's lead attorney designation must be accomplished by motion and order.

 (f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12.     Proposed Stipulations by the Parties Regarding Discovery.**

(a) **Privilege Logs:** Notwithstanding the provisions of Paragraph 6, the parties agree that privilege logs need not be exchanged for privileged documents created or communicated after the filing of this lawsuit against the Defendant Groups. The parties will meet and confer to negotiate stipulations as to the form and content of privilege logs.

(b) **Expert Discovery:** The parties agree than an expert's draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the expert prepared in other cases be subject to discovery in this case. Discovery of materials provided to experts shall be limited to those materials, facts, expert opinions, and other matters relied upon by the expert in forming their final report, trial or deposition testimony, or any opinion in this case. No conversations or communications between counsel and any expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial, or deposition testimony in this case. Materials, communications (including emails), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation. This provision does not change the existing protections for expert discovery and exceptions thereto set forth in Fed. R. Civ. P. 26(b)(4).

(c) **Third Party Discovery:** A party who serves a subpoena in this case on a third party shall immediately provide a copy to the other parties. A party who commands a deposition through a subpoena will invite and allow the other parties to attend such deposition, including providing reasonable notice to other parties regarding updates in deposition scheduling. A party who receives documents from a third party pursuant to a subpoena will

  reproduce those documents to the other parties within five (5) business days. This section does not change the existing obligations and requirements set forth in Fed. R. Civ. P. 45, or other Federal Rules of Civil Procedure.

 (d) **Electronic Service:** Except when unpracticable, the parties shall serve all documents electronically, either by email, FTP, or ECF, to the email addresses designated for service by each party. Each party shall ensure that any email they designate for service encompasses only counsel of record for a party and persons employed by counsel of record for a party.

 (e) **Inadvertent Production:** Pursuant to Fed. R. Civ. P. 502(d), inadvertent production of Materials covered by the attorney-client privilege or work product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log in accordance with Paragraph 6.

 (f) The parties will continue to meet and confer to negotiate stipulations as to:

- Foreign language discovery
- Remote depositions
- Authentication of trial exhibits (to preclude the need for authentication Requests for Admission).

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others

- 14 -

(including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 26th day of June, 2025.**

                                                RODNEY GILSTRAP
                                                UNITED STATES DISTRICT JUDGE