IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:25-cv-00069-JRG-RSP [Lead Case] <br><br> **JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Civil Case No. 2:25-cv-00070-JRG-RSP [Member Case] <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE TO WILUS'S MOTION TO DISMISS
AMENDED COUNTERCLAIMS 1-2 (DKT. 56)**

# **TABLE OF CONTENTS**

I.     RULE 12(B)(6) LEGAL STANDARD ................................................................................ 2

II.    ARGUMENT ..................................................................................................................... 2

      A.    Samsung Has Sufficiently Pled Counterclaim 1 (Breach of Contract) ................... 2

          1.    Samsung Pled a Plausible Claim for Breach of FRAND ............................ 3

          2.    Samsung Properly Pleads Breach of FRAND Contract With Respect to Unasserted Patents ..................................................................... 5

          3.    Wilus's Choice to Include Foreign Patents in its Indirect Offer Does Not Eliminate Subject Matter Jurisdiction Over Samsung's Breach of FRAND Contract Claim ................................................................ 6

          4.    Samsung Pleads Other, Independent Grounds For Counterclaim 1 That Are Not Challenged By Wilus's Motion ............................................ 9

      B.    Samsung Has Sufficiently Pled Counterclaim 2 (Breach of Duty of Good Faith). ..................................................................................................................... 10

III.   CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co. et al.*,
  No. 11-CV-01846, 2012 WL 1672493 (N.D. Cal. May 14, 2012) ............................................7

*Apple, Inc. v. Motorola Mobility, Inc.*,
  886 F. Supp. 2d 1061 (W.D. Wis. 2012) .................................................................................7

*Bowlby v. City of Aberdeen*, *Miss.*,
  681 F.3d 215 (5th Cir. 2012) ....................................................................................................2

*Ericsson Inc. v. Apple Inc.*,
  No. 2:21-cv-00376-JRG, Dkt. No. 291 (E.D. Tex. Nov. 29, 2022) ..........................................7

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00078-JRG, 2022 WL 4593080 (E.D. Tex. Sept. 29, 2022) .......................3, 4, 7

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  No. 6:18-CV-00243-JRG, 2018 WL 6617795 (E.D. Tex. Dec. 17, 2018) ...........................2, 6

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  No. 6:18-CV-00243-JRG, 2019 WL 4734950 (E.D. Tex. May 22, 2019) ...............................7

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
  No. 2:16-CV-00715-JRG-RSP, 2017 WL 957720 (E.D. Tex. Feb. 22, 2017) .....................7, 8

*Inova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*,
  892 F.3d 719 (5th Cir. 2018) ....................................................................................................2

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ....................................................................................................2

*Lowrey v. Texas A&M Univ. Sys.*,
  117 F.3d 242 (5th Cir. 1997) ....................................................................................................2

*Optis Wireless Tech., LLC et al. v. Apple*,
  No. 2:19-cv-00066-JRG, Dkt. No. 542 (E.D. Tex. Feb. 9, 2021) .............................................9

*Optis Wireless Tech., LLC v. Apple Inc.*,
  No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020) ...............................8, 9

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
  No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) .......................8

*Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*,
    702 F.3d 794 (5th Cir. 2012) ........................................................................................7

*TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*,
    No. SACV 14–00341 ....................................................................................................7

*Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*,
    120 F.4th 864 (Fed. Cir. 2024) ..................................................................................7, 8

*Wilus Inst. of Standards and Tech. Inc. v. Samsung Elecs. Co. et al.*,
    No. 2:25-cv-00070, Dkt. No. 1 ......................................................................................5

*Zenith Elecs., LLC v. Sceptre, Inc.*,
    No. LA-cv-14-05150-JAK, 2015 WL 12765633 (C.D. Cal. Feb. 5, 2015) ..............................7

**Other Authorities**

Fed. R. Civ. P. 12 ....................................................................................................................2, 9

Fed. R. Civ. P. 12(b)(6) ................................................................................................................2

Wilus's breach flows from its choice to make an indirect offer—via licensing agent Sisvel—bundling all of Wilus's alleged Wi-Fi 6 SEPs with those asserted against Samsung for a demand that is not FRAND. At the outset, Wilus does not dispute that it entered into a written contract with the IEEE to license its "essential" patents on FRAND terms, and Wilus does not dispute that Samsung is a third-party beneficiary of that contract. Nor does Wilus dispute that Samsung properly pled the other elements of a breach of contract claim; namely, that Wilus breached its contract and Samsung was harmed by that breach. Indeed, Wilus never alleges that it made an offer, whether by itself or via Sisvel, to Samsung for just the asserted patents, or made any other offer for the asserted patents beyond the portfolio offer. And if Wilus's indirect portfolio offer made via Sisvel was not meant to comply with Wilus's FRAND obligations (as Wilus's Motion implies), then the resulting failure to make any FRAND offer for the asserted patents establishes Wilus's breach. At the end of the day, Wilus should not avoid accountability for its failure to comply with FRAND obligations for the asserted patents by making, through its licensing agent Sisvel, an indirect offer for a patent portfolio that expressly included the asserted patents.

Instead, Wilus alleges that this Court does not have jurisdiction to hear the breach of contract claim. Contrary to Wilus's arguments, the Court is not stripped of its jurisdiction over breach of contract counterclaims merely because the Wilus-admitted contract implicates both foreign and U.S. patents. Further, Wilus's selection of the asserted patents for its patent infringement claim does not define the allowable scope of Samsung's breach of contract claim. Finally, Wilus's motion acknowledges that Samsung's counterclaims 1-2 are based on more than just breach of FRAND—breach of contractual obligations to the IEEE regarding disclosure of essential claims for the asserted patents is also alleged—and the sufficiency of the pleading with

respect to these additional grounds is not challenged in the present motion. Thus, the Court should deny Wilus's motion to dismiss.

## I. RULE 12(B)(6) LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Inova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12 motion to dismiss, courts accept "all well-pled facts as true and view[] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). In the Fifth Circuit, "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)); *see also Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

## II. ARGUMENT

### A. Samsung Has Sufficiently Pled Counterclaim 1 (Breach of Contract)

Samsung's counterclaim 1 is proper. District courts—including this Court—routinely adjudicate FRAND disputes involving global patent portfolios. *See, e.g.*, *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-00243-JRG, 2018 WL 6617795, at *4 (E.D. Tex. Dec. 17, 2018) (denying motion to dismiss FRAND breach of contract counterclaim). At base, this contract dispute presents the question: "Has Wilus complied with its contractual obligations to the IEEE by offering a FRAND license to its FRAND-encumbered patents in this case?" If not, Wilus is liable for breach. Wilus's Motion to Dismiss with respect to counterclaim 1 should be denied because (1) Samsung pled a plausible claim for breach of FRAND, (2) Samsung properly pleads breach of contract with respect to the FRAND obligations attached to the patents Wilus

2

chose to include in its indirect offer via Sisvel, including the asserted patents, (3) Wilus's bundling of other patents in its indirect offer via Sisvel does not eliminate the Court's subject matter jurisdiction, and (4) Samsung pleads other, independent grounds for its counterclaim—namely Wilus's breach of IEEE contractual obligations regarding disclosure of essential claims—that Wilus fails to address in its motion.

### 1. Samsung Pled a Plausible Claim for Breach of FRAND

Samsung's pleadings for FRAND breach are sufficient at this stage. Samsung's breach of FRAND counterclaim is based on undisputed pleaded facts, namely, that Wilus made FRAND commitments with respect to the asserted patents, and that implementers like Samsung are third party beneficiaries of this FRAND commitment. *See* Dkt. 48 at 47-48 (¶¶ 22–27), 52 (¶¶ 48–52). Samsung then alleges that Wilus breached its FRAND commitment to the asserted patents by (1) "refusing to offer Samsung a license to the Alleged Wi-Fi 6 SEPs (including the asserted patents) on FRAND terms and conditions"; (2) "failing to negotiate and act in good faith"; and (3) "using injunctive relief to obtain leverage in licensing discussions for SEPs." *Id*. at 53 (¶ 53). Indeed, Samsung pleaded that "[b]ecause Sisvel chose to make only a portfolio offer, Wilus never made another offer to Samsung, whether by itself or via Sisvel, that could satisfy its FRAND obligations for the asserted patents." *Id*. Lastly, Samsung alleges that it has been injured by Wilus's breach. *See id*. at 55 (¶ 58). Samsung has thus plausibly pled a FRAND breach by Wilus. *See, e.g.*, *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078-JRG, 2022 WL 4593080, *2–3 (E.D. Tex. Sept. 29, 2022) (denying motion to dismiss FRAND counterclaims).

The sufficiency of Samsung's FRAND counterclaim pleading is not impacted by Sisvel's—Wilus's licensing agent—statement in a letter to Samsung that it was willing to enter a license on FRAND terms. *Contra* Dkt. 56 ("Mot.") at 3. Further, in bringing a FRAND counterclaim, Samsung is not required to plead that it "actually sought to license Wilus's Wi-Fi 6 SEPs," that

3

Wilus/Sisvel "refused to negotiate with Samsung," that Wilus/Sisvel "refused to provide further information about Sisvel's licensing model," that Samsung "made any counteroffers or otherwise attempted to negotiate the terms offered by Wilus/Sisvel," or "explain why the offer was not FRAND-compliant, or that it ever even communicated this purported belief to Wilus or Sisvel." *Contra* Mot. at 4; *see also G+ Commc'ns*, 2022 WL 4593080, *2–5.

Wilus advances a number of other arguments for dismissal of Samsung's FRAND counterclaim, including (1) that "Samsung was not interested in signing a license because it purportedly could not understand Sisvel's licensing model"; (2) that, because Samsung "did not understand Sisvel's licensing model," it "can make no credible argument that Sisvel's offers were not FRAND"; (3) that Samsung's allegations of FRAND breach are "directly contradicted by Samsung's own allegation that Sisvel's letters 'offered to provide Samsung with a license to the Wi-Fi 6 patent pool . . . under . . . FRAND . . . terms'" (internal quotation marks omitted); (4) that "Samsung's after-the-fact, unilateral, subjective belief . . . that the offer 'was not on FRAND terms and conditions' [does not] support that Wilus breached its FRAND obligations"; (5) that "[i]t is clear that Samsung was not interested in taking a license at all"; (6) that "Wilus corresponded with Samsung for over three years in an attempt to license its Wi-Fi 6 SEPs under FRAND terms and conditions, and thus fulfilled its FRAND obligations"; and (7) that "Wilus was not obligated to continue corresponding with Samsung indefinitely and simply let Samsung hold-out and continue to infringe its patents." Mot. at 3-5. These arguments are improper at the pleadings stage because they "invite[] the Court to go beyond an analysis of Samsung's pled allegations and to weigh evidence concerning that allegation." *G+ Commc'ns*, 2022 WL 4593080, at *2 (stating that counterclaim defendant's "disagreement with the substance of Samsung's allegations is perhaps

4

better addressed by a summary judgment motion, not a 12(b)(6) motion."). Thus, the Court should deny Wilus's motion to dismiss Samsung's FRAND counterclaim.

### 2. Samsung Properly Pleads Breach of FRAND Contract With Respect to Unasserted Patents

Because Wilus (through its licensing agent Sisvel) chose to only make a portfolio offer, Samsung properly pleads breach of contract regarding that offer for Wilus's patents asserted here. Specifically, Samsung's counterclaims allege Wilus breached its FRAND commitment by "refusing to offer Samsung a license to the Alleged Wi-Fi 6 SEPs (including the asserted patents) on FRAND terms and conditions, failing to negotiate and act in good faith, and . . . using injunctive relief to obtain leverage in licensing discussions for SEPs." Dkt. 48 at 53 (¶ 53). Indeed, Wilus has made claims of Wi-Fi 6 standard essentiality regarding the asserted patents and many other patents, as confirmed by its Complaint, and its FRAND obligations extend to all of these patents **based on Wilus's offer via Sisvel**. *See Wilus Inst. of Standards and Tech. Inc. v. Samsung Elecs. Co. et al.*, No. 2:25-cv-00070, Dkt. No. 1, ¶ 5 (E.D. Tex. Jan. 23, 2025) (alleging the letter Sisvel sent Samsung included a "list of 'patents essential to the 802.11ax standard,'" and that the list "included the '186 patent."). Moreover, Wilus's FRAND breach impacts all the Alleged Wi-Fi 6 SEPs, not just those asserted in this case. *Contra* Mot. at 5-6. For example, by seeking injunctive relief in this lawsuit regarding the asserted patents, Wilus gains improper leverage in its FRAND negotiations concerning the Alleged Wi-Fi 6 SEPs not asserted in this case. Thus, the fact that Samsung's allegations of FRAND breach involve an offer including unasserted patents (which Wilus chose to include in the offer) does not doom Samsung's counterclaims. *Contra* Mot. at 5–6.

### 3. Wilus's Choice to Include Foreign Patents in its Indirect Offer Does Not Eliminate Subject Matter Jurisdiction Over Samsung's Breach of FRAND Contract Claim

The Court is not stripped of its jurisdiction over Samsung's FRAND contract claim merely because it involves both foreign and U.S. patents. As an initial matter, Samsung's pleading makes clear that Wilus never made a direct offer to Samsung, and that Wilus's indirect non-FRAND offer via its licensing agent Sisvel for all of Wilus's "Alleged Wi-Fi 6 SEPs" expressly included the asserted patents. *See* Dkt. 48 at 45 (¶¶ 15-16) (recounting correspondence where Sisvel "offered to provide Samsung with a license to the Wi-Fi 6 patent pool, specifically referencing the '186 and '926 patents, 'under fair, reasonable, and non-discriminatory ('FRAND') terms,'" and pleading that "Wilus never independently corresponded with Samsung, and for unknown reasons and without warning, on January 23, 2025, Wilus, a member of Sisvel's Wi-Fi 6 patent pool, filed this suit against Samsung"), 52 (¶ 52) ("Wilus had a contractual obligation to offer to license the Alleged Wi-Fi 6 SEPs, including the patents asserted here, on FRAND terms either directly or via its licensing agent Sisvel."). In short, the only attempt by Wilus (via Sisvel) to try to meet its FRAND obligations for the asserted patents was through the portfolio offer.

Samsung does not ask that the Court adjudicate foreign patent rights under foreign law; Samsung instead asks the Court to decide whether Wilus's refusal to license its patents—including its U.S. patents asserted here—on FRAND terms is a breach of its admitted contract.[1] *See e.g.,*

---

[1] Samsung's counterclaims are like those in *HTC v. Ericsson*. HTC sued Ericsson seeking a declaration that Ericsson had failed to offer a license to its patents on FRAND terms. *HTC*, 2018 WL 6617795, at *2. Ericsson counterclaimed for breach of contract, alleging that HTC failed to offer *its* patents on FRAND terms and the failure was breach of contract with respect to HTC's obligations to standards setting organizations. *Id.* The Court found that Ericsson sufficiently pled breach of contract where, like Samsung has here, it alleged that it was a third-party beneficiary to HTC's contract. *Id.* at *5 ("These facts, taken together, plausibly suggest that Ericsson is a third-

6

*Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, 120 F.4th 864, 878 (Fed. Cir. 2024) ("Ericsson entered into a contract that affects how it may enforce certain of its patents. When that contract is enforced by a U.S. court, the U.S. court is not enforcing foreign patent law but, rather, the private law of the contract between the parties." (internal quotation marks omitted)). Indeed, it is Wilus—via its licensing agent Sisvel—who made a portfolio offer that bundled foreign patents with the U.S. patents asserted here.

U.S. courts often decide contract cases that implicate foreign assets. *See, e.g.*, *Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 800–01 (5th Cir. 2012) (holding that the Court had subject matter jurisdiction over contract action between domestic defendant and foreign plaintiff concerning foreign assets). Indeed, this Court has presided over cases including breach of contract claims related to global patent portfolios and has even put the issue of breach of contract to the jury. *See, e.g.*, *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-00243-JRG, 2019 WL 4734950, at *4 (E.D. Tex. May 22, 2019) (noting that "[t]he jury found that HTC had failed to meet its burden on its breach of contract claim."); *see also Ericsson Inc. v. Apple Inc.*, No. 2:21-cv-00376-JRG, Dkt. No. 291 at 2–3 (E.D. Tex. Nov. 29, 2022)

---

party beneficiary of HTC's contract with ETSI and has suffered an injury-in-fact as a result of HTC's alleged breach."); *see also G+ Commc'ns*, 2022 WL 4593080, at *3 (finding breach sufficiently pled); *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00715-JRG-RSP, 2017 WL 957720, at *1 (E.D. Tex. Feb. 22, 2017), *report and recommendation adopted,* No. 2:16-CV-00715-JRG-RSP, 2017 WL 951800 (E.D. Tex. Mar. 10, 2017).

Other courts have likewise adjudicated breach of contract claims arising from conduct involving standards setting organizations. *See, e.g.*, *Zenith Elecs., LLC v. Sceptre, Inc.*, No. LA CV14-05150-JAK (AJWx), 2015 WL 12765633, at *4 (C.D. Cal. Feb. 5, 2015); *TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*, No. SACV 14–00341 JVS (ANx), 2014 WL 12588293, at *4 (C.D. Cal. Sept. 30, 2014); *Apple, Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1087 (W.D. Wis. 2012); *Apple Inc. v. Samsung Elecs. Co. et al.*, No. 11-CV-01846, 2012 WL 1672493, at *11 (N.D. Cal. May 14, 2012).

("The Court noted that non-SEPs . . . are part of the totality of Ericsson's conduct in negotiation for SEP licenses under FRAND terms."). The Federal Circuit has also analyzed obligations to standards organizations in the context of global patent portfolios. *See Lenovo (U.S.), Inc.*, 120 F.4th at 878 ("[A] party that has made an ETSI FRAND commitment must have complied with the commitment's obligation to negotiate in good faith over a license to its SEPs . . . .").

Wilus relies heavily on *Optis v. Apple*, but that case is distinguishable. **First**, Optis sought a declaration that it had complied with its FRAND obligations "under French law." *Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463, at *1 (E.D. Tex. Mar. 2, 2020) ("*Apple I*"); *see also Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192, at *7–8 (E.D. Tex. July 11, 2018) ("Huawei points out that the declaratory judgment claim implicates foreign patents and **foreign FRAND law**." (emphasis added)). The FRAND-based contract at issue here implicates U.S. law. **Second**, in granting summary judgment against Optis, "the Court elect[ed] not to exercise its jurisdiction" based in large part on its broad discretion in adjudicating declaratory judgment actions. *Apple I*, 2020 WL 999463, at *3 (stating that "Plaintiffs 'devoted their briefing to [issues of] jurisdiction but lost sight of the fact that [Plaintiffs] want a declaratory judgment,' which is always discretionary regardless where the Court's jurisdiction is grounded." (citing *Huawei*, 2018 WL 3375192, at *8)). In stark contrast, Samsung's counterclaims here are not for a declaratory judgment.

Moreover, Wilus's argument, based on *Optis v. Apple*, that the counterclaims would fail even if limited to U.S. patents, is also incorrect. *Contra* Mot. at 8. **First**, in *Optis v. Apple*, this Court found that Optis's pleadings with respect to U.S. patents were sufficient. *See Apple I,* 2020 WL 999463, at *4 ("[T]he present case sits in a very different procedural posture from the *Huawei* case. . . . Plaintiffs have alleged that Apple has accused them of violating their obligations under

8

U.S. law and further alleged that their global license offers satisfied their obligations under U.S. law. The Court finds that these pleadings are enough to survive a Rule 12 motion."). Here, Samsung has pled facts showing Wilus breached its FRAND commitments with respect to U.S. patents because Wilus (acting via its licensing agent Sisvel) offered Samsung a global patent portfolio that includes the U.S. patents that are the subject of Wilus's offensive case. *See* Dkt. 48 at 45 (¶¶ 15–17). Samsung's pleadings regarding Wilus's breach of FRAND obligations with respect to U.S. patents are sufficient at this stage. ***Second***, the Court in *Optis v. Apple* exercised its discretion to decline to issue a declaratory judgment after Optis failed to present evidence of licensing offers for U.S. patents at a bench trial. *See Optis Wireless Tech., LLC et al. v. Apple*, No. 2:19-cv-00066-JRG, Dkt. No. 542 at CL7 (E.D. Tex. Feb. 9, 2021) ("*Apple II*"). Again, Samsung is not seeking a declaratory judgment regarding FRAND issues here. Further, Samsung has not yet had an opportunity to develop its case and present evidence at trial. *See Apple I*, 2020 WL 999463, at *4 ("The Court is not prepared to conclude, at this early stage, that the U.S. components of the license offers could not be extricated from the foreign components in any meaningful way.").

### 4. Samsung Pleads Other, Independent Grounds For Counterclaim 1 That Are Not Challenged By Wilus's Motion

Additionally, Samsung pleads separate, additional grounds supporting counterclaim 1 and Wilus's motion does not challenge the sufficiency of the pleading with respect to these additional grounds. *See* Mot. at 9 (admitting same). In particular, counterclaim 1 alleges Wilus failed to abide by its "contractual obligation to timely disclose that Wilus was the owner of potentially essential patent claims" and therefore "breached their obligation to the IEEE" and to Samsung. Dkt. 48 at 53 (¶ 54). The specifics of these allegations are based solely on the patents in suit, and do not implicate any of the purported issues Wilus raises in challenging the counterclaim (*e.g.*, foreign or unasserted patents). *See id*. at 53-55 (¶¶ 54–57). As such, this presents another,

9

independent basis for which the relief expressly sought by Wilus's motion—namely dismissal of Samsung's counterclaims 1 and 2 in their entirety—must be denied.

**B.   Samsung Has Sufficiently Pled Counterclaim 2 (Breach of Duty of Good Faith).**

Wilus's challenge to counterclaim 2 is based entirely on its argument that counterclaim 1 should be dismissed. *See* Mot. at 8. Because, as shown above, Samsung has sufficiently pled its breach of contract claim, Wilus's argument regarding counterclaim 2 fails.

**III.   CONCLUSION**

For all of these reasons, Samsung respectfully requests that the Court deny Wilus's motion.

Dated: July 16, 2025

Respectfully submitted,

*/s/ Ralph A. Phillips*
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000

Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

11

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 16, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                                         */s/ Ralph A. Phillips*