# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> HP INC. <br><br> *Defendant.* | Civil Case No. 2:25-cv-00069-JRG-RSP <br> [Lead Case] <br><br> **JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants.* | Civil Case No. 2:25-cv-00070-JRG-RSP <br> [Member Case] <br><br> **JURY TRIAL DEMANDED** |

## COUNTERCLAIM PLAINTIFFS' SURREPLY TO COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIMS 1-2 (DKT. 56)

## <u>TABLE OF CONTENTS</u>

I.     ARGUMENT ................................................................................................................. 1

     A.     Samsung Has Sufficiently Pled That Wilus Breached Its FRAND
         Obligations ...................................................................................................... 1

     B.     "Unasserted Patents" Do Not Preclude Samsung's Counterclaims ...................... 2

     C.     Wilus's "Foreign Patents" Argument Is A Red Herring.......................................... 3

     D.     Wilus Concedes That the Relief Sought In Its Motion Is Not Warranted .............. 5

II.    CONCLUSION ............................................................................................................. 5

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                                                    **Page(s)**

*Apple, Inc. v. Motorola Mobility, Inc.*,
    886 F. Supp. 2d 1061 (W.D. Wis. 2012) ..................................................................................4

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD.*,
    No. 2:21-cv-00430-JRG-RSP, 2023 WL 5284943 (E.D. Tex. July 28, 2023) ........................4

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
    No. 2:22-cv-00078-JRG, 2022 WL 4593080 (E.D. Tex. Sept. 29, 2022) ........................1, 2, 4

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
    No. 6:18-CV-00243-JRG, 2018 WL 6617795 (E.D. Tex. Dec. 17, 2018) ..........................4, 5

*InterDigital, Inc. et al v. The Walt Disney Co. et al*,
    Case No. 2:25-cv-00895-WLH-BFM, Dkt. No. 76 (C.D. Cal. May 28, 2025) ........................4

*Optis Wireless Tech., LLC v. Apple Inc.*,
    No. 2:19-CV-00066-JRG, 2020 WL 999463 (E.D. Tex. Mar. 2, 2020)................................3, 4

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
    *No*. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018)........................3

*Roku, Inc. v. Access Advance LLC*,
    No. 1:24-cv-13217-RGS, Dkt. No. 33 (D. Mass Mar. 20, 2025) .............................................5

*Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*,
    702 F.3d 794 (5th Cir. 2012) ...................................................................................................5

*Telefonaktiebolaget LM Ericsson v. Lenovo (U.S.), Inc.*,
    120 F.4th 864 (Fed. Cir. 2024) ................................................................................................5

Despite Wilus admitting the asserted patents are FRAND encumbered, Wilus's Reply never answers a fundamental question:  If Wilus relies solely on the Sisvel portfolio offers to satisfy its FRAND obligations for the asserted patents, then how can the fact-finder determine breach without evaluating the portfolio offers?  As Samsung explains below and in its opposition brief, "unasserted patents" and "foreign patents" do not preclude Samsung's counterclaims on breach of FRAND.  On numerous occasions, this Court has adjudicated FRAND disputes involving unasserted patents and foreign patents as part of a portfolio offer.  Wilus continues to rely on cases involving declaratory judgment claims and implicating foreign law, but those cases are distinguishable because Samsung is asserting non-declaratory, breach of contract claims involving Wilus's admitted FRAND obligations.  At the end of the day, Samsung properly pleaded breach of contract as a matter of law, and Wilus's motion should be denied.

## I.     ARGUMENT

### A.     Samsung Has Sufficiently Pled That Wilus Breached Its FRAND Obligations

Samsung pled that Wilus breached its FRAND contract with the IEEE in "several respects," which is "sufficient at the pleadings stage."  *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-cv-00078-JRG, 2022 WL 4593080, at *3 (E.D. Tex. Sept. 29, 2022).  Samsung is not required to offer all its proof of FRAND breach in its pleadings.  Moreover, even if true, neither (1) the fact that Sisvel stated in a letter that it was willing to enter into a license "under . . . FRAND . . . terms" nor (2) the fact that the parties' initial negotiations for a license took place several years ago is dispositive of the issue of FRAND breach.  *Contra* Dkt. 65 ("Reply") at 1 (stating that Samsung's FRAND claim is "directly contradicted by" these facts).  Indeed, Wilus, alone or through Sisvel, could (and did) breach its FRAND commitment under such circumstances.

 Samsung's theory of FRAND breach, as explained clearly in its Answer and recited by Wilus in its Reply, is that Wilus breached its FRAND commitment by at least (1) refusing to offer

Samsung a FRAND license to the Alleged Wi-Fi 6 SEPs, (2) bringing this lawsuit seeking injunctive relief to obtain leverage in SEP licensing discussions, and (3) failing to negotiate and act in good faith (which is evidenced at least by the other two bases for FRAND breach). *See* Dkt. 48 at 53 (¶ 53); *contra* Reply at 2 ("Critically, Samsung's counterclaims do not identify a single specific instance of Wilus/Sisvel refusing to negotiate or negotiating in bad faith"). These facts, taken as true, "demonstrate[] that Wilus was unwilling to grant Samsung a FRAND license." Reply at 2. Samsung is unaware of any binding authority stating that a patentee's FRAND commitment cannot be breached by making an unreasonable offer during negotiations. *Contra* Reply at 2 (citing cases from the International Trade Commission and the Western District of Washington as support for this proposition). Regardless, to the extent that is the case, Samsung's pleadings are not limited to a specific offer and instead cover Wilus's behavior more broadly.

Wilus attempts to distinguish the *G+ Communications* case on the basis that the movant there "invite[d] the Court to go beyond an analysis of Samsung's pleaded allegations and to weigh evidence concerning that allegation." Reply at 3 (quoting *G+ Commc'ns*, 2022 WL 4593080, at *2). But that is precisely what Wilus did in its motion. *See, e.g.*, Dkt. 56 at 3–5 (arguing, for example, that "Samsung was not interested in signing a license because it purportedly could not understand Sisvel's licensing model," "[i]t is clear that Samsung was not interested in taking a license at all," and "Wilus was not obligated to continue corresponding with Samsung indefinitely and simply let Samsung hold-out and continue to infringe its patents."); *see also* Dkt. 64 at 4–5.

Because Samsung sufficiently pled FRAND breach, the Court should deny Wilus's motion.

### B.    "Unasserted Patents" Do Not Preclude Samsung's Counterclaims

Wilus's argument that counterclaims 1 and 2 are precluded because of "unasserted patents" also fails. *See* Reply at 3–4. Wilus still fails to cite any authority for the proposition that "unasserted patents" preclude a breach of contract claim, especially when Wilus (via Sisvel)

bundled such "unasserted patents" with the asserted patents to supposedly satisfy its FRAND obligations. *Id.*

Again, Samsung is unaware of any binding authority holding that there can be no FRAND breach with respect to "initial offers," but to the extent that is the case, Samsung's FRAND counterclaim is not limited to "initial offers"—it encompasses all of Wilus's offers, Wilus's failure to negotiate in good faith, and Wilus's seeking injunctive relief in this lawsuit. *Contra* Reply at 3–4. Indeed, Wilus's decision to seek injunctive relief after failing to both make a FRAND offer and negotiate in good faith constitutes "conduct supporting that Wilus refused to grant Samsung a FRAND license with respect to unasserted patents." Reply at 4. Moreover, these actions result in improper leverage for Wilus in its negotiations for SEPs not asserted here, bolstering the claim that Wilus breached its FRAND commitment with respect to unasserted patents. *Contra* Reply at 4.

Further, while some patents under Wilus's control remain unasserted, Wilus has filed three different lawsuits to date—showing it is willing to file suit after suit until it has no patents left to assert. Wilus cites no authority for the proposition that Samsung must wait for Wilus to sue or threaten to sue on every patent it owns before Samsung sues Wilus for breach of its FRAND obligations, or that Samsung must limit its allegations only to the asserted patents.

## C.    Wilus's "Foreign Patents" Argument Is A Red Herring

Wilus again points to *Optis v. Huawei* and *Optis v. Apple*, each an action for a declaratory judgment where the district court could decline to exercise jurisdiction. Even if, *arguendo*, the Court's rationale in those cases applies to Samsung's non-declaratory counterclaim, Wilus's argument still fails because the Court declined jurisdiction in those cases because they involved issues of foreign law. *See Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2020 WL 999463, at *1 (E.D. Tex. Mar. 2, 2020) ("Plaintiff's further allege . . .  that these declarations formed a FRAND contract under French law."); *Optis Wireless Tech., LLC v. Huawei Techs. Co.,*

*No*. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192, at *8 (E.D. Tex. July 11, 2018) ("Huawei's claim would require the court to decide whether PanOptis breached a foreign FRAND obligation with respect to a foreign patent.").  Here, other than boldly asserting that Samsung's counterclaims implicate foreign law, *see* Reply at 4, Wilus fails to identify any relevant foreign law.  Nor can it. The IEEE contract here is governed by U.S. law, unlike the ETSI contract (at issue in *Optis*) that is governed by French law.  *See, e.g., Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD*., No. 2:21-cv-00430-JRG-RSP, 2023 WL 5284943, at *2 (E.D. Tex. July 28, 2023) (assessing plaintiff's FRAND obligations and compliance under IEEE Bylaws and Letter of Assurance using U.S. contract interpretation principles); *Apple, Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1082 (W.D. Wis. 2012) (applying "Wisconsin law to Apple's claims concerning IEEE.").

The Court may properly adjudicate disputes that involve a global patent portfolio.  *See* Dkt. 64 at 6–9.  For example, in *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, Ericsson's counterclaims alleged that HTC had breached its FRAND obligations related to a portfolio of standard-essential patents, but it did not limit its counterclaims to U.S.-only patents therein.  *See HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-00243-JRG, 2018 WL 6617795, at *6 (E.D. Tex. Dec. 17, 2018).  Similarly, in the *G+ Communications* case, Samsung's breach of FRAND contract allegations were not limited to the plaintiff's conduct with respect to U.S. patents. *See G+ Commc'ns*, 2022 WL 4593080, at *2 (noting that Samsung's allegations included plaintiff "failing to negotiate in good faith by seeking and obtaining a preliminary injunction against Samsung in Brazil in the early stages of discussions").  Recently, the Central District of California rejected a similar motion to dismiss breach of contract counterclaims where foreign patents were involved.  *InterDigital, Inc. et al v. The Walt Disney Co. et al*, Case No. 2:25-cv-00895-WLH-BFM, Dkt. No. 76 (C.D. Cal. May 28, 2025).

4

Wilus's attempt to distinguish *HTC* and *Lenovo* fails, especially because Wilus put the global portfolio at issue here. While both parties sought FRAND declarations in the *HTC* case, the Court adjudicated the dispute, even when the dispute involved a global patent portfolio. *HTC*, 2018 WL 6617795, at *2. And in the *Lenovo* case, a U.S. court again resolved a dispute that involved foreign patents—notwithstanding that it involved a foreign antisuit-injunction request. *Telefonaktiebolaget LM Ericsson v. Lenovo (U.S.), Inc.*, 120 F.4th 864, 878 (Fed. Cir. 2024). Wilus also improperly dismisses *Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794 (5th Cir. 2012), as "not even [being] a patent case," but neither are Samsung's counterclaims. Indeed, like Samsung's counterclaim, *Servicios Azucareros* was a breach of contract case involving foreign assets. As such, that the assets implicated by the contract involve, among others, foreign patents is not a ground to strip the court's jurisdiction. Lastly, *Roku v. Access Advance* is distinguishable because the plaintiff there sought a "declaration of FRAND terms for three licenses to global patent portfolios." *See Roku, Inc. v. Access Advance LLC*, No. 1:24-cv-13217-RGS, Dkt. No. 33 at 7 (D. Mass Mar. 20, 2025). Here, Samsung does not seek a "declaration of FRAND terms," but instead an adjudication as to breach of a contract.

### D.    Wilus Concedes That the Relief Sought In Its Motion Is Not Warranted

Samsung pleads separate, unchallenged theories supporting counterclaim 1. Namely, Wilus failed to abide by its "contractual obligation to timely disclose that Wilus was the owner of potentially essential patent claims" and therefore "breached their obligation to the IEEE" and to Samsung. Dkt. 48 at 53 (¶ 54); *see also* Dkt 64 at 9. These allegations are based solely on the patents in suit. *See id.* at 53–55 (¶¶ 54–57). These unchallenged grounds present yet another basis for denial of Wilus's motion to dismiss Samsung's counterclaims.

## II.    CONCLUSION

For all of these reasons, Samsung respectfully requests that the Court deny Wilus's motion.

Dated: July 31, 2025

Respectfully submitted,

*/s/ Ralph A. Phillips*
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000
Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257
Email: melissa@gillamsmithlaw.com

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD., AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 31, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Ralph A. Phillips*
Ralph A. Phillips