IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:25-CV-00069-JRG-RSP |
| HP INC., | § § | (LEAD CASE) |
| *Defendant.* | § § § | |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:25-CV-00070-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | (MEMBER CASE) |
| *Defendants.* | § § | |

**ORDER**

Before the Court is the Motion to Dismiss HP Inc.'s Counterclaims 1–6 (the "Motion to Dismiss") filed by Plaintiff Wilus Institute of Standards and Technology Inc. ("Plaintiff"). (Dkt. No. 38.) In the Motion to Dismiss, Plaintiff seeks to dismiss Defendant HP Inc.'s ("HP") first six counterclaims in HP's Answer (Dkt. No. 15). (Dkt. No. 38 at 1.) Since the filing of the Motion to Dismiss, HP has filed an Amended Answer. (Dkt. No. 39.)

It is well established that a later-filed amended pleading moots a Rule 12 motion challenging an earlier-filed pleading. *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797

(5th Cir. 2017) ("Once filed, that amended complaint rendered all earlier motions . . . moot."); *see also Bishop Display Tech LLC v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-00139-JRG, Dkt. No. 40 (E.D. Tex. Oct. 4, 2021) ("Once Plaintiff filed its amended complaint, the Motion became moot."); *Ultravision Technologies, LLC v. Eaton Corp. PLC*, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 7, 2019) ("Accordingly, the filing of an amended complaint moots a motion to dismiss the original complaint.").

Accordingly, the Court finds that the Motion to Dismiss (Dkt. No. 38), which is based upon HP's Original Answer, should be and hereby is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 14th day of August, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE