IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC. <br><br> Defendant. | Civil Case No. 2:25-cv-00069-JRG-RSP [Lead Case] <br><br> **JURY TRIAL DEMANDED** |
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. <br> Defendants. | Civil Case No. 2:25-cv-00070-JRG-RSP [Member Case] <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG DEFENDANTS' OPPOSED MOTION TO STAY PENDING
*INTER PARTES* REVIEWS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

TABLE OF EXHIBITS ......................................................................................................... iv

TABLE OF ABBREVIATIONS ............................................................................................ iv

I.   INTRODUCTION ....................................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................................... 2

III. LEGAL STANDARD ................................................................................................. 4

IV.  ARGUMENT .............................................................................................................. 5

    A.   A Stay Will Likely Significantly Simplify or Eliminate Issues Before the Court ................................................................................................... 5

    B.   Wilus Will Not Suffer Undue Prejudice from a Stay ............................................ 6

    C.   The Stage of the Case Weighs in Favor of a Stay ................................................. 8

V.   CONCLUSION ........................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arbor Global Strategies LLC v. Samsung Elecs. Co.*,
  No. 2:19-CV-0333-JRG-RSP, Dkt. 175 (E.D. Tex. Jan. 7, 2021) ............................................. 2

*Aylus Networks, Inc. v. Apple Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017) ................................................................................................ 6

*Customedia Techs. LLC v. DISH Network Corp.*,
  No. 2:16-CV-0129, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) ........................................ 4, 5

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  No. 2:15-CV-0011, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) .......................................... 4

*Intell. Ventures II LLC v. Bitco Gen. Ins. Corp.*,
  No. 6:15-CV-0059-JRG, 2016 WL 4394485 (E.D. Tex. May 12, 2016) ................................. 5

*NFC Tech. LLC v. HTC Am. Inc.*,
  No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ........................ 5, 6, 7

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
  No. 6:13-CV-0384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ............................................ 8

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
  No. 2:16-CV-0642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017) ................................. 6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ................................................................................................ 6

*XI Mobile (R & D) Ltd., v. Samsung Elecs. Co. Ltd.*,
  No. 15-CV-3752-HSG, 2015 WL 7015415 (N.D. Cal. Nov. 12, 2015) ................................... 8

**Statutes**

35 U.S.C. § 314(b) ......................................................................................................................... 4

**Other Authorities**

*Changes To Implement Inter Partes Review Proceedings, Post-Grant Review
  Proceedings, and Transitional Program for Covered Business Method
  Patents*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42) ...................... 7

JDSupra, *IPR Discretionary Denial Rates at the PTAB: The New Normal* (Aug.
  12, 2025), https://www.jdsupra.com/legalnews/ipr-discretionary-denial-rates-
  at-the-5772745 ...................................................................................................................... 2, 3

*PTAB: The New Normal*, MBHB (Aug. 12, 2025),
  https://www.mbhb.com/intelligence/snippets/ipr-discretionary-denial-rates-at-
  the-ptab-the-new-normal/ ................................................................................................2, 3

## TABLE OF EXHIBITS

| # | Description |
|---|---|
| 1 | PTAB, Office Patent Trial Practice Guide, available at https://www.uspto.gov/sites/default/files/documents/tpgnov.pdf?MURL=TrialPracticeGuideConsolidated |
| 2 | Petition for Inter Partes Review of the '171 patent (IPR2025-01110) |
| 3 | Petition for Inter Partes Review of the '186 patent (IPR2025-01111) |
| 4 | Petition for Inter Partes Review of the '262 patent (IPR2025-01164) |
| 5 | Petition for Inter Partes Review of the '926 patent (IPR2025-01165) |
| 6 | October 10, 2025 Decision Referring the Petitions to the Board for cases:<br>IPR2025-00933 (Patent 11,470,595 B2)<br>IPR2025-00934 (Patent 11,159,210 B2)<br>IPR2025-00988 (Patent 10,687,281 B2)<br>IPR2025-01043 (Patent 11,116,035 B2)<br>IPR2025-01044 (Patent 11,516,879 B2)<br>IPR2025-01069 (Patent 10,313,077 B2)<br>IPR2025-01110 (Patent 11,716,171 B2)<br>IPR2025-01111 (Patent 10,911,186 B2) |
| 7 | Patent Owner's Request for Discretionary Denial of Institution in PTAB-IPR2025-01164 |
| 8 | Patent Owner's Request for Discretionary Denial of Institution in PTAB-IPR2025-01165 |
| 9 | Petitioner's Opposition To Patent Owner's Request For Discretionary Denial In PTAB-IPR2025-01110 |
| 10 | Petitioner's Opposition To Patent Owner's Request For Discretionary Denial In PTAB-IPR2025-01111 |
| 11 | Director Squires Memorandum, dated October 17, 2025 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '171 patent | U.S. Patent No. 11,716,171 |
| '186 patent | U.S. Patent No. 10,911,186 |
| '262 patent | U.S. Patent No. 12,004,262 |
| '926 patent | U.S. Patent No. 11,664,926 |
| Asserted Patents | '171 patent, '186 patent, '262 patent and '926 patent |
| Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| HP | Hewlett Packard |
| IPR | *Inter Partes* Review |
| PTAB | Patent Trial and Appeal Board |

**I.      INTRODUCTION**

To avoid significant duplication of effort, additional expense for the parties, and the risk of inconsistent decisions, Samsung respectfully requests that the Court stay Wilus's member case against Samsung pending the PTAB's resolution of the IPR petitions filed over the patents that Wilus asserted against Samsung.

In June 2025, co-defendant Samsung Electronics Co. Ltd. petitioned the PTAB to institute IPRs of all asserted claims of the four patents that Wilus presently asserts against Samsung ("Asserted Patents") in the above captioned actions involving Samsung, namely the -070 action. Over the last few weeks, even after acknowledging that "it is unlikely that a final written decision in these proceedings will issue before the district court trial occurs," the Director[1] of the U.S. Patent and Trademark Office ("Director") denied two of Wilus's discretionary denial requests. Ex. 6 at 2–3.  As a result, Samsung's IPR petitions are now among the relatively few petitions that the Director of the U.S. Patent and Trademark Office has referred to the PTAB.

A stay of the member case against Samsung will likely result in simplifying the Court's proceedings in at least -070 action, or even eliminating all the issues before the Court in the case. The IPRs cover all Asserted Patents and thus will likely significantly narrow the scope or even dispose of the case.  The IPRs also raise claim construction issues that impact Wilus's infringement contentions before the Court and which may be resolved by the PTAB.  At the same time, Wilus faces no prejudice from a stay—it is free to proceed here with its claim for damages if any of the Asserted Patents survive the IPRs.  The factors the Court considers in evaluating a stay— simplification of the issues, state of the proceedings, and risk of undue prejudice to the plaintiff— weigh in favor of granting a stay.

---

[1] The Acting Director Stewart recused herself for these proceedings and the Acting Chief Administrative Patent Judge rendered the decision.

Although Samsung recognizes that the Court's typical practice is to deny pre-institution motions to stay pending IPR, a stay is sensible at this stage, and this Court has credited defendants for having promptly moved to stay when ruling on a post-institution motion.[2]  Further, according to the recent trend, the patent office denies the majority of IPR petitions on discretionary grounds, especially ones with a parallel litigation in this District.[3]  Having overcome this significant hurdle to an IPR challenge for some of the Asserted Patents, Samsung has promptly filed the present motion.

## II.    FACTUAL BACKGROUND

Wilus filed a complaint against HP on January 23, 2025.  *See* No. 2:25-cv-00069, Dkt. No. 1.  Wilus filed a complaint against Samsung on January 23, 2025.  *See* No. 2:25-cv-00070, Dkt. No. 1.  HP answered and counterclaimed on February 18, 2025.  No. 2:25-cv-00069, Dkt. 15.  Samsung answered and counterclaimed on May 5, 2025.  *See* No. 2:25-cv-00069, Dkt. 34.  HP's amended answer and counterclaims were filed on May 9, 2025, and Samsung's amended answer and counterclaims were filed on June 10, 2025.  *See* Dkt. 39, Dkt. 48.

On March 25, 2025, the Court consolidated these two cases for all pretrial issues.  *See* No. 2:25-cv-00069, Dkt. 14; *see also* No. 2:25-cv-00070, Dkt. 14. The Court entered the initial Docket Control Order ("DCO") on May 30, 2025, which was amended on June 13, 2025.  *See* Dkt. 45, Dkt. 51.  On October 13, 2025, a notice of settlement between Wilus and HP was filed and an

---

[2] *See, e.g., Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-CV-0333-JRG-RSP, Dkt. 175 (E.D. Tex. Jan. 7, 2021) ("[T]he Court considers the diligence shown by Samsung in pursuing the IPR process . . . . Furthermore, Defendant did not delay in notifying the Court of its desire to seek a stay of the litigation while the IPR proceeds.").

[3] *See, e.g.*, Daniel Moriarty, *IPR Discretionary Denial Rates at the PTAB: The New Normal*, MBHB (Aug. 12, 2025), https://www.mbhb.com/intelligence/snippets/ipr-discretionary-denial-rates-at-the-ptab-the-new-normal; JDSupra, *IPR Discretionary Denial Rates at the PTAB: The New Normal* (Aug. 12, 2025), https://www.jdsupra.com/legalnews/ipr-discretionary-denial-rates-at-the-5772745.

order granting a stay between Wilus and HP was granted. *See* Dkt. 69, Dkt. 70.  Thus, Wilus's case against Samsung remains the *sole* active case across the consolidated cases.

The consolidated case is in the early stage of fact discovery.  No deposition have been scheduled or taken.   Just last week, the parties identified the terms for claim construction under this Court's Patent Rule 4-1.  Under the DCO currently in effect, the *Markman* hearing is set for February 26, 2026; fact discovery closes on March 30, 2026; expert discovery ends on May 4, 2026; dispositive motions are due May 11, 2026; and trial is set to begin on August 17, 2026.  *See* Dkt. 146.

Samsung filed IPRs on all asserted claims for the Asserted Patents as summarized below:

| IPR | Patent | Filing Date | Referred to the Board | Anticipated Institution Date |
| --- | --- | --- | --- | --- |
| IPR2025-01110 | 11,716,171 | June 9, 2025 | October 10, 2025 | December 24, 2025 |
| IPR2025-01111 | 10,911,186 | June 9, 2025 | October 10, 2025 | December 24, 2025 |
| IPR2025-01164 | 12,004,262 | June 30, 2025 | Request Pending | January 14, 2025 |
| IPR2025-01165 | 11,664,926 | June 24, 2025 | Request Pending | January 14, 2025 |

*See* Ex. 2–5 (IPR petitions).

In each IPR, Wilus filed a request for discretionary denial of institution. Exs. 6–8.  Recent trends show that more than half of IPR petitions are denied on discretionary grounds.  *See, e.g.*, Daniel Moriarty, *IPR Discretionary Denial Rates at the PTAB: The New Normal*, MBHB (Aug. 12, 2025), https://www.mbhb.com/intelligence/snippets/ipr-discretionary-denial-rates-at-the-ptab-the-new-normal/.  The discretionary denial rate is even higher when the challenged patent is subject to a litigation in this District.  *See* JDSupra, *IPR Discretionary Denial Rates at the PTAB: The New Normal* (Aug. 12, 2025), https://www.jdsupra.com/legalnews/ipr-discretionary-denial-rates-at-the-5772745/ (noting "parallel PTAB proceedings face a higher risk of discretionary denial" in this District).

Extraordinarily, the patent office already denied *two* of Wilus's requests,[4] referring *two* petitions to the Board. Ex. 6. Even after noting that "it is unlikely that a final written decision in these proceedings will issue before the district court trial occurs," the patent office explained that "[u]nder these circumstances, the considerations that counsel against discretionary denial outweigh those in favor of it." Ex. 6 at 2–4 (emphasis added).

As noted in the above table, institution decisions for the IPRs are expected in December 2025 and January 2026. *See* Ex. 1 at 5–7 (providing timeline for IPR proceedings); *see also* 35 U.S.C. § 314(b) ("The Director shall determine whether to institute an inter partes review under this chapter pursuant to a petition filed under section 311 within 3 months after—(1)receiving a preliminary response to the petition under section 313; or (2) if no such preliminary response is filed, the last date on which such response may be filed."). The discretionary denial requests for the remaining two IPR petitions are likely to be issued along with the Director's institution decisions.[5]

## III. LEGAL STANDARD

The Court "has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-0011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). In determining how to manage its docket, the district court "must weigh competing interests and maintain an even balance." *Customedia*

---

[4] The patent office has not yet decided on the remaining two discretionary denials requests by Wilus. Samsung responded to Wilus's remaining two discretionary denials requests on October 14, 2025. Ex. 9–10. Thus, the Director's discretionary denial decisions for the remaining two IPRs are expected in the coming weeks. However, the patent office has so far denied all of Wilus's discretionary denial requests and has yet to grant any. *See, e.g.,* Ex. 6.

[5] *See* Director Squires Memorandum of October 17, 2025. Ex. 11.

4

*Techs. LLC v. DISH Network Corp.*, No. 2:16-CV-0129, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

The Court has inherent authority to stay an action where issues at stake can be resolved in a pending IPR proceeding. Such a stay is especially justified where the outcome of the proceedings will likely simplify the case by helping the court determine validity issues or eliminating the need to try infringement issues. *Customedia*, 2017 WL 3836123, at *1 (citing *NFC Tech. LLC v. HTC Am. Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)). When deciding whether to stay a case pending IPR, courts consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.*, 2015 WL 1069111, at *2.

## IV. ARGUMENT

### A. A Stay Will Likely Significantly Simplify or Eliminate Issues Before the Court

A stay will likely significantly simplify or even eliminate issues before the Court in Wilus's case against Samsung. "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4; *see also Intell. Ventures II LLC v. Bitco Gen. Ins. Corp.*, No. 6:15-CV-0059-JRG, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech.*, 2015 WL 1069111, at *1 (internal quotations omitted). "[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome will

5

streamline the scope." *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-0642-JRG, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017).

The pending IPR petitions address every patent claim that Wilus asserted against Samsung. Thus, resolution of the IPR petitions is not only likely to significantly simplify the issues in the litigation but may dispose of the entire case against Samsung. Even if only some of the claims or patents are rendered unpatentable, the IPR proceedings will inform this Court on issues of claim construction that may in turn impact questions of infringement and invalidity. *See NFC Tech.*, 2015 WL 1069111, at *7 (determining that, even where all claims were not reviewed during IPR proceedings, "any disposition by the PTAB is likely to simplify the proceedings before this Court"); *see also Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer."). Indeed, the patent office's explanation in its decisions to refer some of Samsung's IPR petitions to the Board underscores the likelihood that at least some of the challenged claims may be invalidated. *See* Ex. 6.

### B.     Wilus Will Not Suffer Undue Prejudice from a Stay

Wilus will not suffer undue prejudice if the Court stays the member case against Samsung. "[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Here, Wilus did not file a motion for a preliminary injunction, and monetary relief would sufficiently compensate Wilus for any purported damages if it eventually prevails on the merits. A "stay will not diminish the monetary damages to which [Wilus] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages . . . ." *VirtualAgility*, 759 F.3d at 1318; *see also id.* at 1319 ("Although

6

this is not dispositive [of the plaintiff's arguments regarding prejudice from delay], we note that [Plaintiff] did not move for a preliminary injunction against Defendants."). As this Court has stated, a mere delay of the vindication of patent rights alone cannot defeat a motion to stay. *See, e.g.*, *NFC Techs.*, 2015 WL 1069111, at *2.

In contrast, without a stay Samsung will suffer severe prejudice by incurring the burden of continuing to defend against infringement allegations over four patents that are potentially marred by "material" examination error, and which the PTAB may ultimately find unpatentable. *See* Ex. 6 at 2-4 ("[I]t is unlikely that a final written decision in these proceedings will issue before the district court trial occurs, . . . [But,] ***Petitioner provides persuasive evidence that the Office erred in a manner material to the patentability of the challenged claims in at least some of the challenged patents***. . . . Under these circumstances, the considerations that counsel against discretionary denial outweigh those in favor of it." (emphasis added)); *see also* Ex. 9 at 7–9 (Samsung identifying examiner errors); Ex. 10 at 6–8 (same). Absent a stay, the member case against Samsung will advance toward trial, and the parties and the Court will continue to invest significant time and resources.

Rather than cause undue prejudice, a stay would benefit both parties by allowing them to take advantage of the IPR system set up to aid courts as an essential part of an "efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Changes To Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42). Because Samsung filed its IPR petitions within ***one month*** of answering the complaint, while the consolidated case is still in

its infancy, a stay would be particularly effective in limiting litigation costs and conserving the Court's resources.

### C. The Stage of the Case Weighs in Favor of a Stay

Samsung has pursued IPRs during the early stages of this case, before any depositions or claim construction briefing have occurred. "Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-CV-0384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) (internal citations omitted). Further, a stay may be "particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue." *Id.* at *2 (internal citations omitted).

The institution decisions for the Asserted Patents are expected in December 2025 and January 2026, months before the close of fact discovery on March 30, 2026. *See* Dkt. 146. The trial before the Court is set to begin several months later, on August 17, 2026. *Id.* The case against Samsung is thus at an ideal stage for a stay. *See, e.g., XI Mobile (R & D) Ltd., v. Samsung Elecs. Co. Ltd.*, No. 15-CV-3752-HSG, 2015 WL 7015415, at *2–3 (N.D. Cal. Nov. 12, 2015) (granting motion to stay pending IPR institution decision). As noted above, a stay would not only avoid the risk of relitigating claim construction and engaging in unnecessary discovery, thus significantly simplifying the Court proceeding; the PTAB's final decisions may in fact dispose of the entire case if the PTAB renders the asserted patents unpatentable.[6] If Samsung's motion is denied, however,

---

[6] The patent office also stated that Samsung presented "persuasive evidence that [it had previously] ***erred*** in a manner ***material*** to the patentability of the challenged claims in at least some of the challenged patents." Ex. 6 (emphasis added); *see also* Ex. 9 at 7–9 (Samsung identifying examiner errors); Ex. 10 at 6–8 (same).

the Court may expend resources on claim construction issues that may be mooted (e.g., if the PTAB finds certain claims invalid or Wilus takes positions in the IPRs that impact claim scope, such as amending the claims).

Although Samsung recognizes that it is this Court's typical practice to deny pre-institution motions to stay, Samsung respectfully submits that the best course of action is to stay the case against Samsung pending IPR.

## V. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court stay Wilus's member case against Samsung in its entirety pending resolution of the IPR petitions filed over the patents that Wilus asserted against Samsung.

Dated: October 28, 2025

Respectfully submitted,

/s/ Ralph A. Phillips
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Payal Patel
DC Bar No. 90019320
ppatel@fr.com
Damien Thomas
DC Bar No. 90018451
dthomas@fr.com
James Young
DC Bar No. 90005769
jyoung@fr.com
FISH & RICHARDSON, P.C.
1000 Maine Ave., S.W., Ste. 1000

9

Washington, DC 20024
Telephone: 202-783-5070
Facsimile:  202-783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
TX Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Telephone: 214-747-5070
Facsimile:  214-747-2091

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
John-Paul Fryckman
CA Bar No. 317591
fryckman@fr.com
FISH & RICHARDSON, P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile:  858-678-5099

Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile:  903-934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

10

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 28, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                            */s/ Ralph A. Phillips*
                                                            Ralph A. Phillips

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on October 28, 2025. Neil A. Rubin attended for Plaintiff. Ralph A. Phillips, James Young, and Payal Patel attended for Defendants. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

                                                            */s/ Ralph A. Phillips*
                                                            Ralph A. Phillips