# EXHIBIT 8

UNITED STATES PATENT AND TRADEMARK OFFICE

————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner,

v.

WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,
Patent Owner.

————————

Case No. IPR2025-01165
U.S. Patent No. 11,664,926

————————

**PATENT OWNER'S REQUEST FOR DISCRETIONARY DENIAL OF INSTITUTION**

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

## TABLE OF CONTENTS

I.     INTRODUCTION .................................................................... 1

II.    BACKGROUND ..................................................................... 1

    A.    Background of the '926 Patent........................................... 1

    B.    Related Proceedings ........................................................ 2

    C.    This IPR Petition ............................................................. 3

III.   LEGAL STANDARD ............................................................. 4

IV.    THE BOARD SHOULD DENY INSTITUTION UNDER
     *FINTIV* ................................................................................ 5

    A.    *Fintiv* Factor 1: There is Little to No Likelihood that a Stay Would
       be Granted in the Co-Pending Litigation ......................................... 5

    B.    *Fintiv* Factor 2: The District Court's Trial Date is 5 Months Before
       the Expected Date of Any Final Written Decision .......................... 7

    C.    *Fintiv* Factor 3: Significant Investment in the Parallel Litigation
       Will Have Occurred by the Time the Board's Institution Decision
       is Due ............................................................................. 9

    D.    *Fintiv* Factor 4: There is Substantial Overlap Between the IPR
       Proceeding and the Parallel Litigation ......................................... 11

    E.    *Fintiv* Factor 5: Petitioner is the Defendant in the Parallel
       Proceeding...................................................................... 15

    F.    *Fintiv* Factor 6: The Petition Lacks Merit ..................................... 15

V.     ADDITIONAL CONSIDERATIONS FAVORING DENIAL ... 15

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

A.      Petitioner's Delay in Filing the IPR and Wide Licensing
        Demonstrates Settled Expectation of the Patent's Validity .......... 15

VI.   RESPONSES TO CERTAIN ARGUMENTS SAMSUNG HAS
      MADE IN OTHER PROCEEDINGS ...................................... 17

      A.      Alleged Complexity and Diverse Technology ............................ 18

      B.      Alleged Misconduct in Standard Setting Process ........................ 19

      C.      Alleged Examiner Error ................................................. 19

      D.      Alleged Economic or National Security Interests ........................ 20

VII.   CONCLUSION ..................................................... 20

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

## <u>TABLE OF AUTHORITES</u>

**Cases**

*Apple Inc. v. Fintiv, Inc.*,
  IPR2020-00019, Paper 11 (P.T.A.B. May 13, 2020) ............................ 4, 9

*BOE Tech. Grp. Co. v. Element Capital Commercial Co.*,
  IPR2023-00808, Paper 9 (PTAB Nov. 15, 2023) ..................................... 11

*Cuozzo Speed Techs., LLC v. Lee*,
  579 U.S. 261, 136 S. Ct. 2131 (2016) ........................................................ 4

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  17-cv-140, 2019 WL 11023976 (E.D.Tex. Feb. 14, 2019) ........................ 5

*Dabico Airport Sols. v. AXA Power ApS*,
  IPR2025-00408, paper 21 (P.T.A.B. June 18, 2025) ............................... 17

*Eibel Process Co. v. Minnesota & Ontario Paper Co.*,
  261 U.S. 45 (1923) ................................................................................... 16

*Lenovo Inc. v. Universal Connectivity Techs., Inc.*,
  No. IPR2024-01481, Paper 19 (P.T.A.B. Apr. 17, 2025) ........................... 8

*Motorola Solutions, Inc. v. Stellar, LLC*,
  No. IPR2024-01205, Paper 19 (P.T.A.B. Mar. 28. 2025) ........................ 14

*MyPort, Inc. v. Samsung Electronics Co.*, et al.,
  No. 2:22-cv-00114-JRG, Dkt. No. 73, slip. op. at 4 (E.D.Tex. June 12, 2023) ............................................................................................................. 6

*Orckit Corporation v. Cisco Systems*, Inc.,
  No. 2:22-cv-00276-JRG-RSP, Dkt. No. 56, slip. op. at 2 (E.D. Tex. March 29, 2023 ......................................................................................... 6

*Roku, Inc. v. IOENGINE, LLC*,
  No. IPR2022-01553, Paper 11 (P.T.A.B. May 5, 2023) ............................. 8

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

*Samsung Elecs. Co. v. Clear Imaging Research, LLC*,
   IPR2020-01552, Paper 12 (P.T.A.B. Mar. 3, 2021) ................................... 7

*Samsung Elecs. Co. v. Secure Wi-Fi LLC*,
   No. IPR2024-01367, Paper 10 (P.T.A.B. Mar. 24, 2025) ......................... 9

*Sotera Wireless, Inc. v. Masimo Corp.*,
   No. IPR2020-01019, Paper 12 (P.T.A.B. Dec. 1, 2020) ......................... 13

*T-Mobile USA, Inc., et al. v. Wireless Alliance*,
   IPR2024-00608, Paper 16 (P.T.A.B. Sept. 3, 2024) ................................. 7

*Trover Grp., Inc. v. Dedicated Micros USA*,
   No. 2:13-cv-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) .. 5

**Statutes**

35 U.S.C. § 314(a) ......................................................................... 4, 5

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

## PATENT OWNER'S EXHIBIT LIST

| Exhibit | Description |
|---|---|
| 2001 | Order, *Wilus Institute of Standards and Technology Inc., v. HP Inc.*, Case No. 2:25-cv-00069-JRG-RSP, Dkt. No. 51 (E.D. Tex., June 13, 2025) ("Docket Control Order") |
| 2002 | Press Release, "Lenovo and Wilus Agree Wi-Fi License Deal," April 10, 2025 |
| 2003 | Excerpts of Defendants' P.R. 3-3 and 3-4 Invalidity Contentions and Subject Matter Eligibility Contentions in the consolidated case, *Wilus Institute of Standards and Technology Inc., v. HP Inc.*, Case No. 2:25-cv-00069-JRG-RSP (E.D. Tex.), dated July 9, 2025. |
| 2004 | Docket Navigator Stay Statistics |
| 2005 | Excerpt from U.S. District Court – National Judicial Caseload Profile for the Eastern District of Texas, March 31, 2025, https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0331.2025.pdf |
| 2006 | Judge Rodney Gilstrap's median time to trial from August 25, 2024 until August 25, 2025, retrieved from www.docketnavigator.com |
| 2007 | Samsung "Letter of Assurance for Essential Patent Claims," January 14, 2022 |
| 2008 | Declaration of Jin Sam Kwak |
| 2009 | List of Licensees to Wifi 6 from Sisvel, https://www.sisvel.com/licensing-programmes/Wi-Fi/wifi-6/#tab-list-of-licensees |
| 2010 | Letter re "Notice of Wi-Fi 6 License offer" from Sisvel to Samsung Electronics Co., Ltd. with Attachments 1-2, April 8, 2022 |

vi

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

| | |
|---|---|
| 2011 | Letter re "Notice of Wi-Fi 6 License offer – Follow-up to our letter dated April 08, 2022 and follow-up communications" from Sisvel to Samsung Electronics Co., Ltd. with Attachments 1-2, October 25, 2023 |

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

## I.    INTRODUCTION

The Director should exercise her discretion to deny this Petition because the patent at issue is set to be tried in the U.S. District Court in the Eastern District of Texas ("EDTX") in less than a year, nearly five months ***before*** the date of the Board's Final Written Decision.

The trial court is already set to resolve Samsung's invalidity challenges to the patent, which are intertwined with Petitioner's defenses to infringement and damages issues. The Petitioner has elected to pursue its invalidity challenges in the district court by serving extensive invalidity contentions, including printed publications, system art, and each of the references relied on in this Petition, along with many other references and obviousness combinations, as well as additional grounds of invalidity beyond novelty and obviousness. All of these issues, including the validity issues raised in this IPR will have been decided by the Court months before any Final Written Decision in this IPR. Therefore, the Director should exercise her discretion to deny the Petition to preserve efficiency and to avoid inconsistent decisions.

## II.    BACKGROUND

### A.    Background of the '926 Patent

The '926 Patent was filed on January 25, 2021, and issued on September 19, 2023. It is a continuation of U.S. Patent No. 10,931,396, filed on June

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

21, 2019, which is a continuation of PCT Application No.
PCT/KR2017/15265, filed on December 21, 2017. SAMSUNG-1001 ('926
patent) at pgs. 1-2. The PCT Application further claims priority to multiple
Korean applications filed in 2016 and 2017. '926 Patent at 1:10-21. Wilus
Institute of Standards and Technology Inc. ("Wilus") is the sole assignee of
record.

The '926 Patent describes that there is a continued need "for providing
a high-efficiency and high-performance wireless LAN communication tech-
nology in a high-density environment" and recognizes that "in a next-genera-
tion wireless LAN environment, communication having high frequency
efficiency needs to be provided indoors/outdoors under the presence of high-
density stations and access points (APs)." '926 Patent at 2:41-50. The tech-
niques provided in the '926 Patent can advantageously improve the efficiency
and resource utilization rate of the wireless LAN system. '926 Patent, 5:7-15.
The '926 Patent is utilized by products that implement the Wi-Fi 6 (802.11ax)
standard for wireless communications. Wilus was an active participant in and
contributor to the development of the 802.11ax standard, and the '926 patent
is widely licensed by the industry.

### B.    Related Proceedings

The '926 Patent is currently asserted in two pending litigations in the

2

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

EDTX, both filed in January 2025. *Wilus Institute of Standards and Technology Inc., v. HP Inc.*, Case No. 2:25-cv-00069 (E.D. Tex. Jan. 23, 2025); *Wilus Institute of Standards and Technology Inc.*, v. *Samsung Electronics Co. Ltd.*, *Samsung Electronics America, Inc.*, Case No. 2:25-cv-00070 (E.D. Tex. Jan. 23, 2025). On March 25, 2025, the cases were consolidated into the lead case, 2:25-cv-00069-JRG-RSP (E.D. Tex.) (the "Co-Pending Litigation"). The Co-Pending Litigation is currently before Judge Rodney Gilstrap in the EDTX.

The Co-Pending Litigation is set for trial on August 17, 2026. Ex-2001 *Wilus Institute of Standards and Technology Inc., v. HP Inc.*, Case No. 2:25-cv-00069-JRG-RSP, Dkt. No. 51 (June 13, 2025) ("Docket Control Order"). This trial date is "a deadline that cannot be changed without an acceptable showing of good cause." Ex-2001 (Docket Control Order) at pgs. 1, 6.

Patent Owner served infringement contentions on May 14, and Petitioner served invalidity contentions on July 9. The parties are scheduled to substantially complete document production on January 15, 2026, and complete fact discovery on March 30, 2026. Ex-2001 (Docket Control Order) at pgs. 4-5. The parties will exchange claim construction proposals in October and November 2025, and brief claim construction issues in January 2026, with the claim construction hearing set on February 26, 2026. *Id*. at pgs. 5-6.

### C.    This IPR Petition

3

Petitioner Samsung Electronics Co., Ltd., filed this Petition on June 24, 2025 on all claims of the patent. The Petition relies on four references: Chu (SAMSUNG-1004), IEEE-D1 (SAMSUNG-1005), IEEE-D2 (SAMSUNG-1006), and IEEE-D3 (SAMSUNG-1009). Each of these four references was specifically charted as prior art in the Co-Pending Litigation. Ex-2003 (2025-07-09 IC) at pg. 32-33. The Petition includes a 120-page expert declaration by Dr. Mark Mahon, and the Petition largely repeats the declaration. *See* SAMSUNG-1003.

## III.   LEGAL STANDARD

The Director has discretion to deny institution under 35 U.S.C. § 314(a). *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 136 S. Ct. 2131, 2140 (2016). In determining whether to deny institution, *Fintiv* balances considerations such as "system efficiency, fairness, and patent quality." *Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, Paper 11 at 5 (P.T.A.B. May 13, 2020) (precedential) (hereinafter "*Fintiv*"). Fintiv set forth six factors for denying institution, which are addressed below. *Fintiv* at pgs. 5-6. The USPTO's Process Memo[1] enumerated a number of additional considerations for discretionary denial, certain of which are also addressed below. Process Memo at pgs. 2-3.

---

[1] Interim Processes For PTAB Workload Management, Available at https://www.uspto.gov/sites/default/files/documents/InterimProcesses-PTABWorkloadMgmt-20250326.pdf (March 26, 2025).

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

## IV.  THE BOARD SHOULD DENY INSTITUTION UNDER *FINTIV*

The Board should deny institution under 35 U.S.C. § 314(a) because the *Fintiv* Factors overwhelmingly support denying institution.

### A.    *Fintiv* Factor 1: There is Little to No Likelihood that a Stay Would be Granted in the Co-Pending Litigation

*Fintiv* Factor 1 favors discretionary denial because no stay of the parallel district court litigation in EDTX has been granted, and there is no evidence that a stay will be granted.

In EDTX, "it is the universal practice" to deny pre-institution motions to stay. *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) ("In this district, that is not just the majority rule; it is the universal practice. This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay."); *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 17-cv-140, 2019 WL 11023976, *5 (E.D.Tex. Feb. 14, 2019) ("It would have been virtually pointless for Samsung to have sought a stay before the IPR was instituted, as this Court would have almost certainly denied it; the decisions of courts in this district as well as other district courts make that abundantly clear."). Here, a request to stay has not been filed in the Co-Pending Litigation, and this IPR

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

has not been instituted. It is unlikely that a stay will be granted considering the Court's precedent.

The facts do not support a stay either. The deadline for the Final Written Decision (FWD) is well after the trial date. The trial date in the Co-Pending Litigation is set on August 17, 2026 and cannot be changed absent an "acceptable showing of good cause." Ex-2001 (Docket Control Order) at pgs. 1, 6. On the other hand, the date for FWD is on January 12, 2027, about 5 months *after* the trial date. Since the trial will occur many months before the FWD, a stay is unlikely, and Judge Gilstrap has declined to stay the district court litigation in similar situations. *See, e.g.*, *MyPort, Inc. v. Samsung Elecs. Co.*, et al., No. 2:22-cv-00114-JRG, Dkt. No. 73, slip. op. at 4 (E.D.Tex. June 12, 2023) (denying a stay where the PTAB decision is not due until over 2 months after jury trial is set to begin); *Orckit Corp. v. Cisco Sys.*, inc., No. 2:22-cv-00276-JRG-RSP, Dkt. No. 56, slip. op. at 2 (E.D. Tex. March 29, 2023 (denying a stay where the FWD is 6 months after the scheduled trial date).

Even if the IPR is instituted, a stay is statistically unlikely. For example, an analysis of the outcomes for motions to stay pending IPR before Judge Gilstrap demonstrates that the *vast majority* of these motions have been denied. Ex-2004 (Docket Navigator Stay Statistics). In the past five years, only five such motions have been granted, while sixty-five have been denied. In

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

other words, there is no evidence that a stay will ever be granted in the Co-Pending Litigation in view of the Petition. Indeed, like here, where the district court litigation has not been stayed, and any stay is unlikely and at best speculative, allowing this IPR to proceed in parallel would be wasteful and inefficient. *Samsung Elecs. Co. v. Clear Imaging Rsch., LLC*, No. IPR2020-01552, Paper 12 at 12-13 (P.T.A.B. Mar. 3, 2021) (denying institution because, in part, Judge Gilstrap deemed unlikely to stay a case in similar circumstances). Because there is little to no likelihood that the district court will stay the Co-Pending Litigation, *Fintiv* Factor 1 weighs in favor of denying institution.

**B.    *Fintiv* Factor 2: The District Court's Trial Date is 5 Months Before the Expected Date of Any Final Written Decision**

*Fintiv* Factor 2 strongly favors discretionary denial because the trial date is months before the date of the FWD. "If a district court's trial date is earlier than the Board's projected statutory deadline for a final written decision, the Board generally has weighed this fact in favor of exercising discretion to deny institution." *T-Mobile USA, Inc., et al. v. Wireless Alliance*, No. IPR2024-00608, Paper 16 (P.T.A.B. Sept. 3, 2024) (denying institution).

Jury selection in the Co-Pending Litigation is scheduled to begin on August 17, 2026, and cannot be moved absent an acceptable showing of good cause. Ex-2001 (Docket Control Order) at pg. 1, 6. However, if the IPR were instituted by the deadline, the FWD would be due almost five months after

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

the trial, on January 12, 2027. This timing strongly favors discretionary denial.

*See, e.g.*, *Lenovo, Inc. v. Universal Connectivity Techs., Inc.*, No. IPR2024-01481, Paper 19 at 10-11 (P.T.A.B. Apr. 17, 2025); *Roku, Inc. v. IOENGINE, LLC*, No. IPR2022-01553, Paper 11 at 10-11 (P.T.A.B. May 5, 2023).

In addition to the already set trial date, the recent time-to-trial statistics weigh against institution. Judge Gilstrap has an average and median time of 23 months and 24 months respectively from filing to jury trial over the last 365 days, according to statistics on DocketNavigator. Ex-2006 (DocketNavigator Median Time to Trial Statistics). This timeframe is credible because it is based on a total of 13 trials, and it aligns with the median time from filing to trial in the EDTX which, according to the Federal Court's website, is 25.1 months for the 12-month period ending on June 30, 2025. Ex-2005, https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0630.2025.pdf, pg. 35. Even assuming the jury trial occurred 23 months after the January 23, 2025 date the case against Samsung was filed, in accordance with Judge Gilstrap's average time to trial, the trial would still at approximately a month before the FWD would be expected in January 2027. The fact that a significant majority—8 out of 13—of the cases that reached a jury trial before Judge Gilstrap over the past 365 days did so in less than 24 months—

8

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

together with the five months between the scheduled trial date and the expected FWD date—at the very least creates a very high likelihood of significant duplication of effort, additional expense for the parties, and a risk of inconsistent decisions.

The Board has also consistently found that this factor weighs in favor of denying institution where the projected trial date is before the FWD date. *See, e.g.*, *EClinicalWorks, LLC v. Decapolis LLC*, No. IPR2022-00229, Paper 10 at 9 (P.T.A.B. Apr. 13, 2022; *Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, Paper 15 at 13 (P.T.A.B. May 13, 2020) (informative); *Samsung Elecs. Co. v. Secure Wi-Fi LLC*, No. IPR2024-01367, Paper 10 at 12-13 (P.T.A.B. Mar. 24, 2025) (finding that Factor 2 weighed heavily in favor of denial and recognizing Judge Gilstrap's time-to-trial statistics as lending credibility to scheduled trial date, which was set to occur five months before final written decision deadline). Therefore, the Board should exercise its discretion to deny institution under *Fintiv* Factor 2.

**C.** ***Fintiv* Factor 3: Significant Investment in the Parallel Litigation Will Have Occurred by the Time the Board's Institution Decision is Due**

Factor 3 relates to the "amount and type of work already completed in the parallel litigation by the court and the parties at the time of the institution decision." *Fintiv* at 9. This factor favors discretionary denial. The institution

9

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

decision for this IPR is due in January 2025. Parties will have expended substantial resources in the Co-Pending Litigation, e.g., for discovery and claim construction briefing, as well as to develop their respective litigation positions, leading up to the due dates.

The parties have been engaged in extensive discovery. The infringement contentions were served on May 14, 2025, and invalidity contentions were served on July 9, 2025. The parties have spent substantial efforts in written discovery. The parties have both issued and responded to interrogatory requests and are conducting third-party discovery. Defendants have also issued requests for admissions to the Patent Owner. Both parties have issued document requests. In the broader set of litigation between the parties, Petitioner has issued 122 document requests to Patent Owner, and Patent Owner has issued 78 document requests. The parties have produced extensive documents and are disputing certain document requests. Patent Owner has also issued subpoenas for documents and depositions to four third parties, including suppliers of Wi-Fi chips used in Samsung's accused products. It expects that discovery under these subpoenas will be complete in advance of the deadline for the institution decision.

Document production is set to be substantially complete three days after the institution decision is due. Ex-2001 (Docket Control Order) at pg. 5. The

parties are also expected to invest in resources in motion practice for various disputes arising from discovery.

Moreover, the parties will have spent substantial time and resources to prepare claim construction briefs and exchanges. By the time the institution decision is due, claim construction exchanges will have occurred, and the claim construction hearing will be only a month and a half away. Ex-2001 (Docket Control Order) at pgs. 5-6. This favors discretionary denial. *BOE Tech. Grp. Co. v. Element Capital Com. Co.*, No. IPR2023-00808, Paper 9 at 23-24 (P.T.A.B. Nov. 15, 2023) (denying institution in part because "[s]ignificant discovery has been completed, including the exchange of infringement and invalidity contentions, document requests and interrogatories, and proposed claim terms for construction, and … close of fact discovery is near"). Therefore, Factor 3 is also in favor of denial.

**D.    *Fintiv* Factor 4: There is Substantial Overlap Between the IPR Proceeding and the Parallel Litigation**

Factor 4 looks at "whether all or some of the claims challenged in the petition are also at issue in district court" and whether the "petition includes the same or substantially the same claims, grounds, arguments, and evidence" as the parallel district court case. *Fintiv* at 12-13. The same 14 claims of the '926 Patent (i.e. Claims 1-14) are disputed in both the Co-Pending Litigation and this Petition.

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

The Co-Pending Litigation and the Petition also overlap considerably on the grounds, arguments, and evidence of invalidity. The validity challenges in the Co-Pending Litigation encompass the challenges in this IPR, as well as additional grounds of invalidity. And the court will adjudicate the validity challenges earlier, prior to the FWD. Allowing this IPR to proceed would result in inefficiencies, waste, and delays; and may cause inconsistencies or tensions between the jury and the PTAB.

There complete overlap between the references asserted in this IPR and references Samsung relied on in the Co-Pending Litigation. That is, each of the Chu, IEEE-D1, IEEE-D2, and IEEE-D3 references was specifically charted as a primary prior art reference in the Co-Pending Litigation. Ex-2003 (2025-07-09 IC) at pg. 32-33.

Moreover, Defendants explicitly incorporate by reference "the petition for *inter partes* review of the '926 patent (PTAB-IPR2025-01165) filed on June 24, 2025, including the accompanying exhibits and expert declaration." Ex-2003 (2025-07-09 IC) at pg. 33. This again confirms that all invalidity challenges in this Petition are also in the Co-Pending Litigation.

The Petitioner's *Sotera* stipulation (SAMSUNG-1018) does not make the IPR proceeding a "'true alternative' to the district court proceeding." *Sotera Wireless, Inc. v. Masimo Corp.*, No. IPR2020-01019, Paper 12 at 19

12

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

(P.T.A.B. Dec. 1, 2020). Although Petitioner stipulates that it will not pursue invalidity grounds in district court that could have been raised under §§ 102 or 103 on the basis of patents or printed publications, and that it will not pursue combinations of the prior art ***asserted in the IPR*** with system art, this stipulation is of limited value and does not outweigh the other *Fintiv* factors.

In particular, the stipulation does not prevent the same references from being raised in the Co-Pending Litigation by another Defendant. Defendants Samsung and HP in the Co-Pending Litigation ***jointly*** served invalidity contentions, even though HP did not join this IPR. The joint invalidity contentions also explicitly incorporate by reference the IPRs. Ex-2003 (2025-07-09 IC) at pgs. 33, 49. In other words, the same references raised the Petition can still be litigated in the Co-Pending Litigation, even with Samsung's carefully crafted stipulation.

In addition, the Petitioner has asserted both system art and public knowledge art in the Co-Pending Litigation, including in combinations with patents and printed publications which are not covered by Petitioner's stipulation. *See, e.g.*, Ex-2003 (2025-07-09 IC) at pg. 123 ("to the extent Plaintiff contends that an element is not disclosed in any one of the anticipatory references described in Appendix C, such reference may be combined with any other references listed in Appendix C for such element, thereby rendering the

13

claims invalid for obviousness."), pg. 34 fn. 21 ("The attached invalidity chart over IEEE 802.11ac (RC-6) demonstrates how the systems implementing IEEE 802.11ac, listed in Table 2-C, disclose each element of each asserted claim.").

Moreover, the Petitioner also sets forth additional grounds of invalidity in the Co-Pending Litigation. Section I.D of the Interim Guidance explicitly states that "[w]here the petitioner is relying on corresponding system art in a co-pending proceeding and/or several other invalidity theories, a stipulation may not be particularly meaningful." The Director's recent decision in *Motorola Solutions, Inc. v. Stellar, LLC* also highlights the non-dispositive nature of this type of stipulation. *Motorola Solutions, Inc. v. Stellar, LLC*, No. IPR2024-01205, Paper 19 at 2, 4 (P.T.A.B. Mar. 28. 2025) (vacating and denying institution because the "Board did not give enough weight to the investment in the parallel proceeding and gave too much weight to Petitioners' Sotera stipulation.").

In short, the Petition challenges the claims asserted in the parallel litigation, and the petitioners rely on references that are the same or similar to its IPR references at the district court. And Samsung's carefully worded stipulation does not prevent the art used in this Petition or similar prior art arguments

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

to be made again in the Co-Pending Litigation. This raises substantial "concerns of inefficiency and the possibility of conflicting decisions," weighing against institution. *See Fintiv* at 12. Therefore, Factor 4 weighs strongly in favor of denial.

### E.    *Fintiv* Factor 5: Petitioner is the Defendant in the Parallel Proceeding

*Fintiv* Factor 5 weighs in favor of discretionary denial because the parties are the same in both proceedings. *Fintiv*, Paper 11 at 13-14. The Petition has indicated that the real parties-in-interest are Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. These are the same defendants in *Wilus Institute of Standards and Technology Inc.*, v. *Samsung Electronics Co., Ltd., Samsung Electronics America, Inc.*, No. 2:25-cv-00070 (E.D. Tex.), where the '926 Patent is asserted.

### F.    *Fintiv* Factor 6: The Petition Lacks Merit

*Fintiv* Factor 6 weighs in favor of denying institution if the Board deems analysis of this factor necessary. The Petitioner has failed to show a reasonable likelihood of success on any challenged claims, as the Patent Owner expects to set forth in the Patent Owner Preliminary Response.

## V.    ADDITIONAL CONSIDERATIONS FAVORING DENIAL

### A.    Petitioner's Delay in Filing the IPR and Wide Licensing Demonstrates Settled Expectation of the Patent's Validity

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

The USPTO encourages the parties to discuss "any fact or circumstance they believe bears on whether the Office should or should not institute trial, including reasons not discussed in current Board precedent or the Process Memorandum." Section I.B of the Interim Guidance.

The challenged patent is practiced by products that implement the IEEE Wi-Fi 6 standard (802.11ax). This standard has been widely recognized and used by the communications industry. *See* Ex-2008, Kwak Decl. ¶ 3. The patent has been licensed by more than 30 companies in the communications industry, including many well-known names such as Cisco and Lenovo. Ex-2008, Kwak Decl. ¶ 4; Ex-2009 (https://www.sisvel.com/licensing-programmes/Wi-Fi/wifi-6/#tab-list-of-licensees). The Lenovo license, in particular was a license specifically to Wilus's patents and not a license to a broader patent pool. Ex-2002 (https://wilusgroup.com/news/lenovo-and-wilus-agree-wi-fi-license-deal). This industry-wide licensing supports an expectation that the patent is valid. *See Eibel Process Co. v. Minnesota & Ontario Paper Co.*, 261 U.S. 45, 55-56 (1923) ("the makers of two-thirds of the print paper of the country are licensees" of the plaintiff which constitutes "very weighty evidence to sustain the presumption from his patent that what he discovered and invented was new and useful.").

In addition, Samsung delayed filing the IPR despite being aware of its

16

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

parent patent and having received actual notice. Samsung was notified of the

parent by continuation of the '926 Patent on April 8, 2022, when it was sent a

letter on Wilus's behalf that identified that parent U.S. Patent No. 10,931,396

as essential to the Wi-Fi 6 Standard and offered Samsung a license. Ex-2010

(Notice Letter) at 1, 4; Ex-2008, Kwak Decl. ¶ 5. Samsung was then notified

of the '926 Patent on October 25, 2023, when it was sent a letter on Wilus's

behalf that identified the '926 patent itself as essential to the Wi-Fi 6 Standard

and offered Samsung a license. Ex-2011 (Notice Letter) at 1, 4; Ex-2008,

Kwak Decl. ¶ 6. Samsung did not challenge the validity of the '396 patent or

the '926 patent despite receiving these offers to license. It did not file the IPR

until after the Patent Owner had initiated litigation in the district court. Even

then, Samsung waited for five months to file the IPR.

Although "actual notice of a patent or of possible infringement is not

necessary to create settled expectations" (*Dabico Airport Sols. V. AXA Powers

ApS*), Samsung's delay in challenging the patent's validity after receiving ac-

tual notice supports that there is an expectation of validity of the patent.

*Dabico Airport Sols. v. AXA Power ApS*, No. IPR2025-00408, Paper 21 at 3

(P.T.A.B. June 18, 2025).  This expectation of validity is further enhanced by

industry recognition through licensing agreements with the Patent Owner.

## VI.  RESPONSES TO CERTAIN ARGUMENTS SAMSUNG HAS MADE IN OTHER PROCEEDINGS

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

Wilus does not know what arguments Samsung may raise in its opposition brief and will likely not have an opportunity to respond to that brief. But because Samsung has made arguments in briefing in other IPRs, e.g., IPR2025-00934, Paper 10, Wilus addresses certain of those arguments here.

## A.    Alleged Complexity and Diverse Technology

Contrary to Samsung's arguments, the IPRs Samsung has brought against Wilus do not present the "diverse range of subject matter" at issue in *Tesla, Inc. v. Intellectual Ventures II LLC*, IPR2025-00217, Paper 9, or *Shenzhen Tuozhu Tech. Co., Ltd. v. Stratasys, Inc.*, IPR2025-00438, Paper 10. In *Tesla*, the patents covered topics across a range including target recognition, vehicle guidance, cameras, and wireless networking. *Tesla*, IPR2025-00217, Paper 8 at 6. In *Shenzhen*, the patents ranged from remote control of a 3-D printer using video images, to heated build platforms for 3-D printers, to detection of 3-D printing material characteristics. *Shenzhen*, IPR2025-00438, Paper 9 at 8–9. The Wilus patents that Samsung is challenging, by contrast all relate to features of the 802.11ax wireless standard that improve efficiency and performance of wireless communications in congested spectrum. *See* IPR2025-00934, Paper 10 at 7–8. The related subject matter can be seen from the overlapping prior art in these petitions, including the various versions of 802.11 standards that are relied upon as purported prior art.

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

**B.      Alleged Misconduct in Standard Setting Process**

Samsung arguments concerning standard setting misconduct misstate Wilus's conduct and the general behavior and expectations of those who participate in the IEEE standards efforts. For example, Samsung argues that Wilus acted improperly by waiting until January 2021 to submit a Letter of Assurance (LOA) disclosing patent rights implicating the 802.11ax standard. *See* IPR2025-00934, Paper 10 at 15. But Samsung itself waited until January 14, 2022 to submit an LOA disclosing its own patents covering the standard. Ex-2007 at 3. In any event such questions of purported misconduct in standards setting are properly decided in district court, after the parties have had an opportunity to take discovery and offer expert testimony, not as part of an abbreviated process at the Patent Office. This further supports discretionary denial and resolution of the parties' disputes in district court.

**C.      Alleged Examiner Error**

The examiner considered some but not all of the art forming the grounds of the IPR challenges. Ex-1001 at 2. Samsung may argue that this failure to consider all of the art raised in the IPR in the combination proposed in the IPR constitutes examiner error weighing against discretionary denial. But this falls short of the evidence of examiner error, such as mischaracteri-

19

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

zation of a reference or inconsistent determinations across U.S. patent applications that has weighed against discretionary denial in other cases. Indeed, virtually every IPR is going to involve some art an examiner did not cite or a combination that an examiner did not discuss. Something more should be required for error that prevents discretionary denial.

### D.    Alleged Economic or National Security Interests

Samsung has argued that Wilus should not be granted discretionary denial because it is "a foreign non-practicing entity." *See* IPR2025-00934, Paper 10 at 48. But Wilus—like Samsung itself—is based in South Korea, a long-time military ally and economic partner of the United States. Samsung Group's investments in U.S. semiconductor fabs may be laudable, but Samsung has not shown these investments would be in any way affected by the need to compensate Wilus for its use of patented inventions in products practicing the 802.11 standard, a standard that exists in part as a result of the hard work and technical contributions of engineers at Wilus. The Director should not be swayed by Samsung's appeals to xenophobia or invitations to discriminate against smaller inventors to the benefit of corporate giants.

## VII.  CONCLUSION

Accordingly, the Director should exercise her discretion to deny institution of the Petition.

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

Dated:  September 11, 2025          */Neil A. Rubin/*

Reza Mirzaie (Reg. No. 69,138)
Neil A. Rubin (Reg. No. 67,030)
Philip X. Wang (Reg. No. 74,621)
Linjun Xu (Reg. No. 73,887)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: nrubin@raklaw.com
Email: pwang@raklaw.com
Email: lxu@raklaw.com

Attorneys for Patent Owner,
WILUS INSTITUTE OF
STANDARDS AND TECHNOLOGY
INC.

Patent Owner's Request for Discretionary Denial
IPR2025-01165 (U.S. Patent No. 11,664,926)

## **CERTIFICATE OF SERVICE**

I hereby certify that "Patent Owner's Request for Discretionary Denial"

was served on September 11, 2025 by email sent to:

W. Karl Renner
Jeremy J. Monaldo
Usman A. Khan
Daniel Jang
FISH & RICHARDSON PC
60 South Sixth Street, Suite 3200
Minneapolis, MN  55402
Telephone: 202-783-5070
Email: renner@fr.com
Email: jjm@fr.com
Email: khan@fr.com
Email: djang@fr.com

Email: IPR39843-0203IP1@fr.comEmail: PTABInbound@fr.com

Dated: September 11, 2025                    */Neil A. Rubin/*