# EXHIBIT 10

UNITED STATES PATENT AND TRADEMARK OFFICE

———————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————————

SAMSUNG ELECTRONICS CO., LTD.,
Petitioner

v.

WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC.,
Patent Owner

———————————

Case IPR2025-01111
U.S. Patent No. 10,911,186

———————————

**PETITIONER'S OPPOSITION TO
PATENT OWNER'S REQUEST FOR DISCRETIONARY DENIAL**

# TABLE OF CONTENTS

I.  Introduction .................................................................................................. 1

II. Wilus Has Little to No Settled Expectations in the '186 Patent .................... 1

    A.  The '186 Patent Has Been in Force Less Than Five Years ................. 1

    B.  Wilus's Allegations of Licensing and Notice are Misleading and Fail to Entitle Wilus to Any Settled Expectations ........................................ 2

III. Examiner Error in Issuing The '186 Patent Warrants Board Review ............ 6

IV.   The Complexity of the Litigation and Diverse Technology of the Asserted Patents Favors Institution ................................................................................. 9

V.  Discretionary Denial is Not Warranted Under *Fintiv* .................................. 12

    A.  Factor 1:  No Stay Has Been Requested ............................................ 12

    B.  Factor 2:  The Board's Final Decision Will *Precede* Trial by Several Months ................................................................................................. 13

    C.  Factor 3:  Limited Resources Would Have Been Expended by the Time of the Decision on Institution .................................................... 15

    D.  Factor 4:  No Overlap Between This IPR and the District Court Proceeding Exists ............................................................................... 16

    E.  Factor 5:  The Same Parties are in the Co-Pending Litigation .......... 18

    F.  Factor 6:  Wilus's Identified "Other Circumstances" Lack Merit and Do Not Weigh in Favor of Discretionary Denial ............................... 19

VI. Additional Considerations ........................................................................... 19

    A.  The Lack of Settled Expectations and Challenges to the '186 Patent In Addition to the Speculation Surrounding the *Fintiv* Factors Weighs Against Discretionary Denial ............................................................ 19

VII. Conclusion .................................................................................................. 20

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

# EXHIBITS

SAMSUNG-1001    U.S. Patent No. 10,911,186 to Ahn, et al. ("the '186 Patent")

SAMSUNG-1002    Excerpts from the Prosecution History of the '186 Patent ("the Prosecution History")

SAMSUNG-1003    Declaration and Curriculum Vitae of Dr. Zhi Ding

SAMSUNG-1004    Complaint, *Wilus Institute of Standards and Technology Inc., v. Samsung Electronics Co., Ltd., et al*., 2-25-cv-00070 (EDTX) filed January 23, 2025

SAMSUNG-1005    Korean Application No. 10-2015-0030369

SAMSUNG-1006    Translation and Certificate of Translation for SAMSUNG-1005

SAMSUNG-1007    Korean Application No. 10-2015-0036754

SAMSUNG-1008    Translation and Certificate of Translation for SAMSUNG-1007

SAMSUNG-1009    Korean Application No. 10-2015-0066670

SAMSUNG-1010    Translation and Certificate of Translation for SAMSUNG-1009

SAMSUNG-1011    PCT Application No. PCT/KR2016/002199

SAMSUNG-1012    Translation and Certificate of Translation for SAMSUNG-1011

SAMSUNG-1013    U.S. Patent No. 10,305,638 ("Ahn")

SAMSUNG-1014    U.S. Patent Publication No. 2019/0357256 ("Kim")

SAMSUNG-1015    U.S. Patent Publication No. 2015/0131517 ("Chu")

SAMSUNG-1016    U.S. Patent Publication No. 2015/0230244 ("Choi")

SAMSUNG-1017    *Fintiv* Stipulation

SAMSUNG-1018    Translation and Certificate of Translation for PCT Application No. PCT/KR2018/000340

SAMSUNG-1019    RESERVED

SAMSUNG-1020  IEEE 802.11-2012

SAMSUNG-1021  IEEE 802.11-16/0368r0

SAMSUNG-1022  IEEE 802.11-16/0949r2

SAMSUNG-1023 TO SAMSUNG-1100  RESERVED

SAMSUNG-1101  Interim Processes Memorandum to All PTAB Judges (Mar. 26, 2025),
https://www.uspto.gov/sites/default/files/documents/InterimProcesses-PTABWorkloadMgmt-20250326.pdf

SAMSUNG-1102 TO SAMSUNG-1105  RESERVED

SAMSUNG-1106  Order Granting Stay in *Maxeon Solar PTE. LTD. v. Hanwha Solutions Corp.*, No. 2:24-CV-00262-JRG (E.D. Tex. May 5, 2025) (Gilstrap, J.)

SAMSUNG-1107  Order Granting Stay in *Cellspin Soft, Inc. v. Bytedance Ltd.,* No. 2:23-CV-00496-JRG-RSP (E.D. Tex. Jan. 26, 2025) (Payne, J.)

SAMSUNG-1108  Motion Success for Stay Pending IPR (Post-Institution) (E.D. Tex.), DOCKETNAVIGATOR (last visited August 27, 2025)

SAMSUNG-1109  LegalMetric, Individual Judge Report for Judge James Rodney Gilstrap Patent Cases December 2011 to January 2025

SAMSUNG-1110  RESERVED

SAMSUNG-1111  U.S. District Court for the Eastern District of Texas Calendar Events Set for 6/1/2026 for Judge Rodney Gilstrap

SAMSUNG-1112  RESERVED

SAMSUNG-1113  Wi-Fi 6 Patent Brochure, SISVEL (Mar. 21, 2025),
https://www.sisvel.com/xlin7ipl485u/1kNkzUZptdvqKbYiX1DSfi/f518e18ee158be974d3c83f7cd7173be/Wi-Fi_6_Pool_patent_brochure.pdf

SAMSUNG-1114 TO SAMSUNG-1117  RESERVED

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

SAMSUNG-1118  Yasuhiko Inoue, *IEEE 802.11 TGax March 2015 Berlin Meeting Minutes* (Mar. 31, 2015) IEEE 802.11-15/0309r1

SAMSUNG-1119  TO SAMSUNG-1121 RESERVED

SAMSUNG-1122  U.S. District Court – Judicial Caseload Profile (E.D. Tex), ADMIN. OFF. U.S. CTS. (June 2025)

SAMSUNG-1123  RESERVED

SAMSUNG-1124  Yasuhiko Inoue, *IEEE 802.11 TGax May 2015 Vancouver Meeting Minutes* (May 26, 2015) IEEE 802.11-15/0622r0

SAMSUNG-1125  RESERVED

SAMSUNG-1126  Yasuhiko Inoue, *IEEE 802.11 TGax March 2016 Macau Meeting Minutes* (Mar. 31, 2016) IEEE 802.11-16/0415r0

SAMSUNG-1127  Yasuhiko Inoue, *IEEE 802.11 TGax January 2018 Irvine Meeting Minutes* (Feb. 14, 2018) IEEE 802.11-18/0213r0

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

## I.    Introduction

Samsung Electronics Co., Ltd. ("**Samsung**" or Petitioner) seeks review of twelve Wi-Fi 6-related patents, including U.S. Pat. No. 10,911,186 ("**the '186 patent**"), asserted against it by Wilus Institute of Standards & Technology Inc. ("**Wilus**"). As explained below, Samsung respectfully requests that the Director decline Wilus's request to discretionarily deny institution of this IPR and refer Samsung's Petition for a determination on the merits at least because (1) Wilus lacks settled expectations with respect to the '186 patent, (2) the prosecution of the '186 patent suffers from material Examiner error, (3) the breadth of the 12 asserted patents is better suited for review before the Board, and (4) the *Fintiv* factors do not favor discretionary denial since the Final Written Decision (FWD) deadline is before the median time-to-trial.

## II.    Wilus Has Little to No Settled Expectations in the '186 Patent

### A.    The '186 Patent Has Been in Force Less Than Five Years

The '186 patent issued on February 2, 2021—*less than five years* before the instant Petition was filed. Because the '186 patent has not been in force "for a significant period of time," Wilus "has not developed strong settled expectations that favor discretionary denial." *Cambridge Indus. USA, Inc. v. Applied Optoelectronics, Inc.*, IPR2025-00433, Paper 12, 2-3 (June 26, 2025) (finding that patents issued in **2019 and 2020** have "not been in force for a significant period of time" and thus

1

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

Patent Owner's settled expectations "[did] not favor discretionary denial").

### B. Wilus's Allegations of Licensing and Notice are Misleading and Fail to Entitle Wilus to Any Settled Expectations

Wilus's arguments with respect to purported "industry-wide licensing" and "actual notice" are inapposite for several reasons. *See* Paper 8, 23–25.

First, the '186 patent has been in force for less than 5 years (in fact, only four years and 7 months at the time of this Opposition). The *Dabico* case cited by Wilus presupposes that settled expectations had been developed over the length of time in which the patent at issue has been in force. *Dabico Airport Sols. Inc. v. AXA Power ApS*, IPR2025-00408, Paper 21, 2-3 (June 18, 2025) ("[T]he challenged *patent has been in force almost eight years, creating settled expectations*. . . . There may be persuasive reasons why the Office should review the challenged patent, but, in the absence of any such information, *the Office is disinclined to disturb the settled expectations* of Patent Owner in this instance." (Emphasis added)). The '186 patent's less-than-5-year time period since issuance does not entitle Wilus to the same type of settled expectations in *Dabico*.

Second, Wilus offers no authority to support its suggestion that settled expectations can be accelerated simply because a petitioner had notice of the challenged patent. *Dabico* confirms that settled expectations are not derived from "actual notice of a patent or possible infringement," but rather "the longer the patent has been in

force, the more settled expectations should be." *Dabico*, Paper 21, 2-3. This aligns with the Office's goal to incentivize early challenges to a patent's validity, *id.*, as Samsung does here and in the related petitions. Notably, Samsung submitted its petition within 5 months of Wilus's complaint instead of waiting for the allowed one year period.

Moreover, Wilus's arguments related to settled expectations are meritless. For example, Wilus points to the "Sisvel Wi-Fi 6 Patent Pool" as evidence of "industry-wide licensing." Paper 8, 23 (citing WILUS-2009). But that patent pool contains over 2,000 patents from various patent holders, including Huawei, MediaTek, Panasonic, and Phillips. *See generally* SAMSUNG-1113. It would be unreasonable for Wilus or the public to draw conclusions as to the validity of the '186 patent based on its licensing alongside thousands of other patents—it's far too attenuated.

Wilus's assertion that "industry-wide licensing supports an expectation that the patent is valid" is misleading. Paper 8, 23-24. Companies routinely enter into licensing agreements for reasons unrelated to patent validity—such as avoiding litigation, gaining access to standardized technologies, or reducing transaction costs. Licensing a patent does not imply that the patent is valid. Indeed, the validity of the '186 patent has never been judicially tested, and as such, there is no presumption of settled expectations for these recently issued, unchallenged patents.

Moreover, case law is clear that licensing does not imply validity. Courts have

long held that licensees may challenge patent validity even while honoring license terms. *See Lear v. Adkins*, 395 U.S. 653 (1969); *MedImmune Inc. v. Genentech Inc.*, 549 U.S. 118 (2007). Licensing is indicative of a commercial or contractual obligation—not judicial endorsement of validity—and cannot support settled expectations for untested patents.

Wilus's reliance on *Eibel Process* is also misplaced. Paper 8, 24. At best, *Eibel Process* suggests that widespread market adoption is indicative of the purported invention resolving a problem in the industry and therefore providing utility, but does not link licensing to the validity of a patent. *Eibel Process Co. v. Minnesota & Ontario Paper Co.*, 261 U.S. 57 (1923). Wilus's argument that a "large licensing portfolio implies patent validity and settled expectations" is legally unsustainable, which explains why Wilus resorted to citing a 100+ year old case, in an attempt to conjure some support for its flawed position.

As recent USPTO decisions make clear, settled expectations must be based on specific, direct evidence such as patent age and public awareness—**not** generalized licensing behavior. *See, e.g., iRhythm Techs., Inc. v. Welch Allyn, Inc.*, IPR2025-00363, Paper 10, 3 (June 6, 2025); *Cambridge Indus.*, Paper 12, 2–3.

Regarding the alleged "actual notice" of the '186 patent, Wilus points to an April 2022 demand letter (WILUS-2010). Paper 8, 24. This time frame is significantly shorter than other decisions where the Office has found such notice relevant

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

for purposes of determining settled expectations. *See, e.g.*, *iRhythm Techs.*, Paper 10, 3 (finding that Petitioner's knowledge of a 13-year-old patent for over twelve years weighed in favor of Patent Owner's settled expectations). The April 2022 demand letter lists hundreds of patents and half of the patents Wilus asserted against Samsung are absent, so Wilus failed to give Samsung clear and sufficient notice of which patents Wilus thought Samsung infringed. *See* WILUS-2010 (not including U.S. Patent Nos. 11,716,171, 11,516,879, 11,700,597, 11,664,926, 12,004,262). Surely, Samsung should not have been expected to challenge hundreds of patents simply because Sisvel sent Samsung a letter listing them.

Wilus's business conduct also diminishes its claim for settled expectations. For instance, while Wilus claims it provided Samsung notice in April 2022, Wilus does not explain why it waited more than two years to assert infringement for a few of the hundreds of listed patents. This, combined with Wilus's history of failing to satisfy its disclosure requirements of the claimed technology to the industry, does not afford Wilus the settled expectations it seeks.[1] In contrast, collectively adjudi-

---

[1] Wilus participated in IEEE 802.11ax standardization meetings. As part of the requirements of participating in the IEEE 802.11ax standardization meetings and

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

cating the validity of the patents at issue, including a child of the '186 patent, ulti-

mately conserves the resources of the parties, the industry, the judiciary, and the

Board. *See Embody*, IPR2025-00248, Paper 13, 2-3.

### III.    Examiner Error in Issuing The '186 Patent Warrants Board Review

Several errors occurred during examination of the '186 patent, and Board re-

sources are well-spent to correct those errors.[2] *See Microsoft Corp. v. Partec Cluster*

---

working group, all participants, including Wilus, were required to disclose all

pending patent applications. Wilus failed to disclose KR 10-2015-0030369,

PCT/KR2016/002199, and US Patent Application 15/555,075 (now issued as US

Patent No. 10,305,638, from which the '186 patent claims priority) as required by

the IEEE 802.11ax standardization rules.  This material omission resulted in indus-

try members not being timely informed of Wilus's patent applications.  *See* SAM-

SUNG-1118, 2, 7; SAMSUNG-1124, 2; SAMSUNG-1126, 2; SAMSUNG-1127,

2.

[2] *See also* IPR2025-00935, Paper 11, 16-24 addressing Examiner error in issuing

asserted U.S. Pat. No. 11,129,163; IPR2025-00934, Paper 10, 17-33 addressing

Examiner error in issuing asserted U.S. Pat. No. 11,159,210; and IPR2025-00988,

Paper 9, 19-26 addressing Examiner error in issuing asserted U.S. Pat. No.

10,687,281.

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

*Competence Cent. GmbH*, IPR2025-00318, Paper 9, 3 (June 12, 2025); *Padagis US LLC v. Neurelis, Inc.*, IPR2025-00464, Paper 12, 3 (July 16, 2025).

First, the Examiner failed to recognize that the '186 patent specification and the '186 patent priority applications do **not** adequately support the claimed features—specifically, that "the AID field is used to identify whether the trigger frame includes a padding field" and that "the trigger frame further includes the padding field when the AID field is set to a specific value." *See* Pet. 6-14; SAMSUNG-1003 ¶¶63-76; SAMSUNG-1001, 22:26-30 (claim 1), 23:7-11 (claim 11). These features were added during prosecution, and the Examiner committed a material error in failing to determine that the added features lacked support in the priority application. *See* Pet., 4-6. If the Examiner had identified this issue, the lack of priority would have allowed additional prior art references to be considered to determine the validity of the claim features.  The Petition's Ground 1 is an example of such an invalidity ground.

Second, the Examiner's search was incomplete due to a flawed search strategy. In particular, the Examiner failed to conduct sufficient inventor-based searches to uncover relevant prior art—including Chu (SAMSUNG-1015) and Choi (SAMSUNG-1016)—even though the Examiner found related art. For example:

- The Examiner identified US Pub. 2015/0003367, a publication by Yongho Seok, but failed to conduct a search for other patent publications by

7

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

Yongho Seok. *See* SAMSUNG-1002, 246, 255, 301, 309, 338.  If the Examiner would have done so, the Examiner would have located Choi (SAMSUNG-1016) because Yongho Seok is a listed co-author of Choi.

- The primary reference used during prosecution (Chun, US 2017/0272138) shares a co-inventor, Kiseon Ryu, with Kim (SAMSUNG-1014). SAMSUNG-1002, 295-299; SAMSUNG-1014, cover.  Again, if the Examiner had conducted a search on co-inventors of a cited reference, in this case, Chu, the primary reference in prosecution, the Examiner would have identified Kim.

- The Examiner found US 2016/0165574, which has the same inventor (Chu) as SAMSUNG-1015. SAMSUNG-1002, 222, 231, 237. If the Examiner conducted a search for the inventor Chu, the Examiner would have identified Chu (SAMSUNG-1015).

These omissions demonstrate clear Examiner material error in searching for relevant art.

Taken together, the Examiner's failure to assess written description support and to identify key prior art resulted in the issuance of claims that were not properly examined. The Board is well-positioned to correct these errors and ensure that the patent system functions as intended—particularly given that a related application (US Apl. No. 18/911,756) in this family remains pending.

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

## IV. The Complexity of the Litigation and Diverse Technology of the Asserted Patents Favors Institution

Wilus's assertion of a "large number and vast scope of [] patents" directed toward "a diverse range of subject matter" in the parallel district court proceeding is the precise situation for which "the Board is better suited to review" issues of validity, just as was the case in *Tesla, Inc. v. Intellectual Ventures II LLC*, IPR2025-00217, Paper 9, 2-3. Here, the '186 patent is one of twelve patents spanning eight different families that Wilus has asserted against Samsung in District Court. *Cf. Shenzhen*, IPR2025-00438, Paper 10, 3 ("Petitioner explains that the parallel district court proceeding involves ***nine different patents spanning six families*** that involve a diverse range of subject matter. The large number and vast scope of the patents asserted in the district court litigation weighs against discretionary denial[] …." (emphasis added)).

Samsung asks the Office to apply much-needed scrutiny to each of the asserted patents, spanning a broad range of wireless technologies, including:

- enhanced distributed channel access prioritization (U.S. Patent Nos. 11,116,035 and 11,516,879);

- legacy and modern device coexistence via physical layer frame designs (U.S. Patent No. 10,313,077);

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

- overlapping basic service set interference management through BSS coloring (U.S. Patent Nos. 11,129,163 and 11,700,597);

- multi-user uplink transmission synchronization through block acknowledgments (U.S. Patent Nos. 11,716,171 and 10,911,186);

- random access mechanisms for unassociated devices using trigger frames (U.S. Patent No. 12,004,262);

- signaling user-specific fields and spatial stream configurations in multi-user MIMO transmissions (U.S. Patent No. 11,159,210);

- discontinuous channel bandwidth allocation in fragmented spectra (U.S. Patent Nos. 10,687,281 and 11,470,595); and

- aggregated MAC protocol data units with multi-traffic ID block aggregation (U.S. Patent No. 11,664,926).

The diverse nature of the asserted patents is illustrated by the lack of overlap in prior art applied against the different families of patents. Such diverse technology and complex litigation strongly favors institution. *Tesla*, Paper 9, 2-3. As was the case in *Tesla* and *Shenzhen*, "the Board is better suited to review a large number of patents involving diverse subject matter." *Id*.; *accord Shenzhen*, Paper 10, 3.

Not only is the subject matter of Wilus's asserted patents technically disparate, but given the lengthy priority claims of Wilus's patents and the race-to-the-patent-office nature of standards development in the AIA-era, many of the grounds

presented in Samsung's petitions will require the trier of fact to make complex factual findings, e.g., the effective filing date of both the asserted art and the challenged patents. *See, e.g.*, Pet., 6-14 (presenting grounds which involve an analysis of the priority date of both the challenged patent and the asserted art); IPR2025-00933, Paper 2, 2 (involving a priority analysis of the asserted art); IPR2025-01043, Paper 2, 2-4 (same); IPR2025-00935, Paper 2, 2-3 (same); IPR2025-00936, Paper 2, 2-3 (same); IPR2025-01110, Paper 2, 5-12 (presenting intervening art grounds challenging the priority date of the challenged patent).

These kinds of factual determinations are precisely where the Board's combination of technical acumen and patent law expertise would prove especially valuable. While such an analysis would be standard for the Board, the complexity of the priority issues would be unfairly prejudicial to Samsung in a jury trial and may result in Wilus being able to assert rights in technology that others disclosed or patented first, including Samsung itself in some cases. *See, e.g.*, IPR2025-00988, Paper 2, 1-3 (demonstrating that the technology claimed by the '281 patent was included in provisional patent applications filed by Samsung *months before* the subject matter was disclosed in Wilus's provisional applications). Interests of efficiency, justice, and the promotion of a strong patent system favor Board review of Wilus's patents, including referring the present petition for adjudication on the merits.

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

In responding to Samsung's arguments in related IPR proceedings, Wilus broadly characterizes its challenged patents as relating to "features of the 802.11ax wireless standard that improve efficiency and performance of wireless communications in congested spectrum." IPR2025-01165, Paper 6, 18. By Wilus's logic, the *Shenzhen* patents—each involving different aspects of 3D printing—could be lumped together under one broad category of 3D printing. Yet, in *Shenzhen,* the PTAB recognized their distinct technical scopes. The same principle applies to Wilus's patents.

Wilus's patents are directed to different 802.11ax features—such as scheduling, feedback mechanisms, and signal processing—that require separate analysis. The grounds and prior art references presented in Samsung's petitions differ across the challenged patents, further underscoring the diversity of subject matter and the need for individualized review. The Board should reject Wilus's attempt to escape scrutiny by broadly characterizing its patents and instead assess each petition on its individual merits.

## V.    Discretionary Denial is Not Warranted Under *Fintiv*

### A.    Factor 1:  No Stay Has Been Requested

This factor is neutral. Neither party has requested a stay, and Wilus does not dispute this. *See* Paper 8, 8. Wilus cites cases where pre-institution stay motions were denied in the Eastern District of Texas, but those decisions do not establish

how the court would rule on a post-institution stay here. *Id*.

In fact, recent data shows that **post-institution** stays are granted in a meaningful number of cases—28% in 2024 and 39% so far in 2025. SAMSUNG-1108. Judge Gilstrap and Magistrate Judge Payne have granted stays where the petitioner made strong estoppel stipulations, as Samsung has done here. *See*, *e.g.*, SAMSUNG-1106; SAMSUNG-1107; SAMSUNG-1017.

Wilus's speculation about how the court might rule is improper. The Board has consistently declined to predict district court outcomes on stay motions. *See*, *e.g.*, *Hulu, LLC v. SITO Mobile R&D IP, LLC*, IPR2021-00298, Paper 11, 10-11 (PTAB May 19, 2021); *Sand Revolution II, LLC v. Continental Intermodal Group-Trucking LLC*, IPR2019-01393, Paper 24, 7 (PTAB June 16, 2020) (informative). The Board should accord little to no weight to this factor given the speculative nature of the likelihood of a stay in the District Court proceeding.

## B.    Factor 2:  The Board's Final Decision Will *Precede* Trial by Several Months

*Fintiv* Factor 2 considers the proximity of the district court's trial date to the Board's projected Final Written Decision (FWD) as part of a broader assessment of fairness and efficiency. *See Fintiv I*, 5-6; *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 15, 7-17 (informative); *Illumina, Inc. v. Natera, Inc.*, IPR2019-01201, Paper 19, 6.  Again, the Board should not reward Wilus's speculation around the likely

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

trial date with a discretionary denial order, as explained in more detail below.

Wilus filed its complaint on January 23, 2025, and according to the latest statistics from the Administrative Office of the U.S. Courts, the median time-to-trial in the Eastern District of Texas is **25.1 months**. *See* SAMSUNG-1122. This places the expected trial date around **February 2027**.

The instant Petition was filed in June 2025, and the Final Written Decision is expected by December 2026— several months ***before*** trial. PTAB precedent treats such timing as favoring institution or, at worst, neutral. *See Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12, 15.

Wilus's reliance on a scheduled trial date of August 24, 2026 is misplaced. Paper 8, 11. That date is **speculative** and unlikely to hold. Judge Gilstrap currently has ten trials scheduled to begin jury selection on that same day, and Wilus's case is just one of them. *See* SAMSUNG-1111. There is no basis to assume Wilus's case will be prioritized, and the likelihood that it proceeds on that date is low.

Even if trial begins in mid-2026, a recent analysis of cases before Judge Gilstrap shows that post-trial motions typically take an average of 6.9 months to resolve. SAMSUNG-1109, 2.  Accordingly, a final judgment in the district court proceeding would likely not be reached until well into 2027. In contrast, the Board's FWD will be issued by the statutory deadline in December 2026, ensuring a timely resolution of patentability.

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

Moreover, Petitioner is offering to shorten its reply period by up to two months, further increasing the likelihood that the FWD precedes trial. This proactive scheduling adjustment supports institution and aligns with the PTAB's goal of efficient adjudication.

Finally, Wilus's litigation includes four patents asserted in the January 2025 complaint, including the '186 patent. SAMSUNG-1004. Petitions against these patents were filed in June 2025, and the FWDs are expected in December 2026 and January 2027—months before trial based on median time-to-trial statistics. Board resources are best spent resolving validity across this complex and diverse dispute, rather than denying institution based on speculative trial timing. *See Embody*, IPR2025-00248, Paper 13, 2-3.

In sum, the speculative nature of the trial date, the clear statistical gap between trial and FWD, and Petitioner's scheduling flexibility all weigh in favor of institution under Factor 2.

### C. Factor 3: Limited Resources Would Have Been Expended by the Time of the Decision on Institution

As of the Petition's filing, the case was in early stages. Infringement contentions had been served, but invalidity contentions were not exchanged. *See* WILUS-2001, 6; Paper 8, 14. No depositions have occurred, and claim construction is still in its preliminary phase—the deadline for identifying proposed claim terms is October

15

23, 2025, and the parties are scheduled to exchange preliminary claim constructions on November 13, 2025. WILUS-2001, 6.

Wilus's claim of "substantial progress" is speculative and unsupported. *See* Paper 8, 13-15. While claim construction briefing may be complete by the institution decision date, the **claim construction hearing will not have occurred**. WILUS-2001, 5; *see SAP Am., Inc. v. Cyandia, Inc.*, IPR2024-01495, Paper 13, 7 (PTAB Apr. 7, 2025) (finding that *Fintiv* **factor 3 weighs against discretionary denial** where, as is the case here, the *Markman* hearing is scheduled two weeks **after** the decision on institution is due).

Key deadlines—expert discovery and dispositive motions—remain months away. *See* WILUS-2001, 4. Most substantive work in the district court is yet to come, and Wilus's attempt to portray the case as advanced is incorrect.

Given the limited progress and speculative nature of Wilus's claims, Factor 3 favors institution or, at worst, is neutral.

### D.   Factor 4:  No Overlap Between This IPR and the District Court Proceeding Exists

*Fintiv* factor 4 strongly favors institution. Samsung has filed a broad stipulation (SAMSUNG-1017) that goes beyond *Sotera*, agreeing not to pursue in district court:

- "the specific grounds asserted in *inter partes* review in this proceeding,

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

or any other ground that could have been reasonably raised in this pro-

ceeding (i.e., any ground that could have been raised under §§ 102 or

103 on the basis of prior art patents or printed publications). *See Sotera*

*Wireless, Inc. v. Masimo Corporation*, IPR2020-01019, Paper 12

(PTAB Dec. 1, 2020)"; and

- "combinations of the prior art asserted in this proceeding with un-

  published system prior art (or any other type of prior art). *See Motorola*

  *Solutions, Inc. v. Stellar, LLC*, IPR2024-01205, IPR2024-01206,

  IPR2024-01207 & IPR2024-01208, Paper 19 (PTAB Mar. 28, 2025)."

Wilus's claim that the stipulation is "limited" misrepresents its scope. Paper

8, 17-19. Samsung's stipulation expressly precludes use of the Petition's prior art—

even in combination with unpublished system art—ensuring no overlap between

proceedings.

Wilus's reliance on the Federal Circuit's decision in *Ingenico* is misplaced.

Paper 8, 18. That decision concerns estoppel scope, not stipulations. Samsung's stip-

ulation is voluntary, expansive, and binding.

Wilus also argues Samsung should control co-defendants' actions or waive all

invalidity defenses, which is unreasonable and unsupported by PTAB precedent. *See*

Paper 8, 19; *Luminex*, IPR2024-00101, Paper 20, 29-30.

17

Finally, Wilus's argument that "Samsung's failure to address potential subsequent *ex parte* reexaminations in its stipulation is another reason it should be given little weight" has no merit. Paper 8, 21. As an initial matter, Factor 4 concerns overlap between the IPR and a parallel proceeding, but no parallel *ex parte* reexamination exists in this case. This is because Samsung has never filed a request for *ex parte* reexamination on the '186 patent. Wilus's objection is thus **speculative** at best. Wilus's concerns are also drastically overplayed and misplaced because if IPR is instituted and proceeds to a Final Written Decision, Samsung would be estopped from using the Petition grounds, or any other grounds that could have been reasonably raised in an IPR, in an *ex parte* reexamination. 35 U.S.C. § 315(e)(1).

In sum, Samsung's stipulation eliminates overlap and aligns with PTAB precedent favoring institution. *See Apple, Inc. v. SEVEN Networks, LLC*, IPR2020-00156, Paper 10 at19 (PTAB June 15, 2020); *Sand Revolution II*, Paper 24, 12; *Google LLC v. Flypsi, Inc*., IPR2023-00360, Paper 9, 36-39 (PTAB Aug. 2, 2023). Factor 4 strongly supports institution.

### E.    Factor 5:  The Same Parties are in the Co-Pending Litigation

*Fintiv* Factor 5—The parties are the same in this IPR and co-pending Texas litigation.

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

### F. Factor 6: Wilus's Identified "Other Circumstances" Lack Merit and Do Not Weigh in Favor of Discretionary Denial

Wilus makes a baseless assertion that "the Petitioner failed to show a reasonable likelihood of success on any challenged claims." Paper 8, 22-23. Tellingly, however, Wilus was unable to identify, let alone allege, even a single deficiency in the Petition's analysis of the prior art grounds or their relevance to the '186 patent's claims.

The Petition's merits are strong, presenting straightforward obviousness grounds based on either Kim or the combination of Chu and Choi that render obvious all features of the independent claims.

## VI. Additional Considerations

### A. The Lack of Settled Expectations and Challenges to the '186 Patent In Addition to the Speculation Surrounding the *Fintiv* Factors Weighs Against Discretionary Denial

As can be appreciated from the foregoing sections, the facts surrounding the *Fintiv* factors generally weigh against discretion or are neutral at best, e.g., due to lack of overlap in issues as well as speculation around the possible trial date, and outcome of any potential future motion to stay. In such circumstances, the Board has turned to settled expectations and further considered how many times the challenged patent has been litigated and how long the patent has been in force. For instance, in *Samsung Electronics Co. LTD. v. VB Assets, LLC*, the Board recognized

19

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

that trial date uncertainty "neither favor[s] nor counsel[s] against discretionary denial." IPR2025-00867, Paper 13, 2-3.  The Board nonetheless granted discretionary denial  after finding that the challenged patents had 1) been in force for more than ten years, and 2) been litigated several times in the district court and the PTAB.  *Id*.

**Here, none of these facts exist.**  The '186 patent has not been challenged or litigated before, and has only been in force less than five years.  These facts combined with Wilus's failure to disclose the '186 priority applications to industry members do not entitle Wilus to any settled expectations. *See* SAMSUNG-1118, 2, 7; SAMSUNG-1124, 2; SAMSUNG-1126, 2; SAMSUNG-1127, 2.

## VII.  Conclusion

For the foregoing reasons, Petitioner respectfully requests that this case proceed to an institution determination on the merits.

Respectfully submitted,

Dated  September 24, 2025              /Jeremy J. Monaldo/
                                      W. Karl Renner, Reg. No. 41,265
                                      Jeremy J. Monaldo, Reg. No. 58,680
                                      Jong Wan Suh, Reg. No. 79,350
                                      Fish & Richardson P.C.
                                      60 South Sixth Street, Suite 3200
                                      Minneapolis, MN 55402
                                      T: 202-783-5070
                                      F: 877-769-7945

                                      *Attorneys for Petitioner*

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

## CERTIFICATION UNDER 37 CFR §42.24

Under the provisions of 37 CFR § 42.24(d), the undersigned hereby certifies that the word count for the foregoing Petitioner's Opposition to Patent Owner's Request for Discretionary Denial totals 4,192 words, which is less than the 14,000 words allowed under 37 CFR § 42.24.

Respectfully submitted,

Dated  September 24, 2025            /Jeremy J. Monaldo/
                                    W. Karl Renner, Reg. No. 41,265
                                    Jeremy J. Monaldo, Reg. No. 58,680
                                    Jong Wan Suh, Reg. No. 79,350
                                    Fish & Richardson P.C.
                                    60 South Sixth Street, Suite 3200
                                    Minneapolis, MN 55402
                                    T: 202-783-5070
                                    F: 877-769-7945

                                    *Attorneys for Petitioner*

Proceeding No. IPR2025-01111
Attorney Docket No: 39843-0204IP1

## CERTIFICATE OF SERVICE

Pursuant to 37 CFR §§ 42.6(e)(4) and 42.205(b), the undersigned certifies that on September 24, 2025, a complete and entire copy of this Petitioner's Opposition to Patent Owner's Request for Discretionary Denial and Accompanying Exhibits were provided by email to the Patent Owner by serving the correspondence email address of record as follows:

Reza Mirzaie
Neil A. Rubin
Philip X. Wang
Linjun Xu
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Email: rak_Wilus@raklaw.com
rmirzaie@raklaw.com
nrubin@raklaw.com
pwang@raklaw.com
lxu@raklaw.com

  /Diana Bradley/
Diana Bradley
Fish & Richardson P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
bradley@fr.com