# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:25-CV-00069-JRG (LEAD CASE) |
| HP INC., | § § | |
| *Defendant*. | § § § | |

| | | |
|---|---|---|
| WILUS INSTITUTE OF STANDARDS AND TECHNOLOGY INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:25-CV-00070-JRG (MEMBER CASE) |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| *Defendants*. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Samsung Amended Counterclaims 1-2 (the "Motion") filed by Counterclaim-Defendant Wilus Institute of Standards and Technology Inc. ("Wilus"). (Dkt. No. 56.) In the Motion, Wilus seeks to dismiss counterclaims 1-2 brought by Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"). (*Id*.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **DENIED**.

## I. BACKGROUND

Wilus filed its initial complaint against Samsung on January 23, 2025. (Case No. 2:25-cv-00070, Dkt. No. 1.) That case was consolidated into the above-captioned case on March 25, 2025. (Dkt. No. 20.) Samsung filed its initial answer and counterclaims on May 5, 2025 (Dkt. No. 34), and its amended answer and counterclaims on June 10, 2025 (Dkt. No. 48). The instant Motion followed on June 24, 2025. (Dkt. No. 56.)

Samsung's counterclaim 1 alleges that Wilus breached its contractual obligations "to offer to license the Alleged Wi-Fi 6 SEPs, including the patents asserted here, on FRAND terms." (Dkt. No. 48 at 52.) The Wi-Fi 6 standard essential patents referenced in Samsung's counterclaim 1 include both foreign and domestic patents, while Wilus's complaint only asserts four domestic patents. (Case No. 2:25-cv-00069, Dkt. No. 1 at 1.)

Samsung's counterclaim 2 alleges that "Wilus has breached its obligation to negotiate in good faith," with the duty arising from the above-mentioned contractual obligations. (Dkt. No. 48 at 56.) Samsung alleges that Wilus breached this obligation with respect to all Wi-Fi 6 standard essential patents, including the four Wilus asserted against Samsung in this case. (*Id.*)[1]

The instant Motion to dismiss these two counterclaims followed on June 24, 2025. (Dkt. No. 56.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint

---

[1] Wilus noted in the Motion that "Samsung's counterclaims are substantially identical to those set forth in its amended counterclaims in two other cases before this Court that have been consolidated under Lead Case No. 2:24-cv-000752. Wilus has moved to dismiss the counterclaims in those cases, making substantially identical arguments to those in the present brief." (Dkt. No. 56 at n.1.) As such, the Court notes that this Order is substantially similar to the Order regarding Wilus' motion to Dismiss Samsung's counterclaims in Case No. 2:24-cv-000752.

must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.*

### III.  ANALYSIS

In the Motion, Wilus argues that: (1) Samsung has failed to plausibly allege that Wilus breached its FRAND obligations; (2) the counterclaims fail to state a claim with respect to patents not asserted against Samsung in this case; (3) the Court lacks subject matter jurisdiction over the counterclaims because they involve foreign patents; (4) the breach of duty of good faith counterclaim fails as a matter of law; and (5) to the extend the counterclaims allege two independent theories of breach, they should at least be dismissed as to the FRAND theory. (Dkt. No. 56 at 1-9.) Each argument is addressed below, though the Court takes some arguments in a different order than presented by Wilus.

#### A.  Samsung Has Sufficiently Pled Breach of Contract

Wilus argues both that Samsung failed to plausibly allege that Wilus breached its FRAND obligations, and that the counterclaims fail to state a claim with respect to patents not asserted against Samsung in this case. (*Id.* at 3-6.)

##### 1.  Breach of FRAND

Regarding the breach of FRAND claim, Samsung responds that this claim it brings is "based on undisputed pleaded facts, namely, that Wilus made FRAND commitments with respect to the

3

asserted patents, and that implementers like Samsung are third party beneficiaries of this FRAND commitment." (Dkt. No. 64 at 3, citing Dkt. No. 48 at 47-48, 52.) Samsung pled that Wilus refused to offer Samsung a license to the Alleged Wi-Fi 6 SEPs, failed to negotiate and act in good faith, used injunctive relief to obtain leverage in licensing discussions for SEPs, and injured Samsung through this breach. (Dkt. No. 64 at 3, citing Dkt. No. 48 at 53-55.)

Wilus's arguments that it "corresponded with Samsung for over three years in an attempt to license its Wi-Fi 6 SEPs under FRAND terms and conditions" and that it determined "[i]t is clear that Samsung was not interested in taking a license at all" does not undermine Samsung's allegations. (Dkt. No. 56 at 5.) Such prior correspondence and interpretations of Samsung's intent does not determine whether Wilus has actually complied with its FRAND obligations.

### 2. Breach of Contract with Respect to Patents Not Asserted Against Samsung

Regarding the patents not asserted against Samsung, Samsung responds that its pleadings are proper given that Wilus, through its licensing agent Sisvel, chose to only make a portfolio offer containing both the patents-in-suit and others not asserted in this case. (Dkt. No. 64 at 5.)

The Court finds that Samsung has properly pled breach of contract with respect to the patents that Wilus did not assert against Samsung. Counterclaims 1 and 2 allege a breach of the contractual FRAND obligations for Wi-Fi 6 standard essential patents owned by Wilus and offered for licensing to Samsung through Sisvel. (Dkt. No. 48 at 52-58.) Samsung is correct that "Wilus's FRAND breach impacts all the Alleged Wi-Fi 6 SEPs, not just those asserted in this case." (Dkt. No. 64 at 5.)

### B. Samsung Has Sufficiently Pled Breach of Duty of Good Faith

Wilus's only argument on the breach of duty of good faith is that "[i]f the Court finds that Counterclaim 1 for breach of contract should be dismissed, so too should Counterclaim 2." (Dkt.

4

No. 56 at 9.) Consistent with the preceding analysis, Samsung has properly pled a breach of the duty of good faith.

### C. This Court Has Subject Matter of Jurisdiction

Samsung alleges that Wilus breached its FRAND obligations. Wilus's FRAND obligations arise from its commitments with the IEEE, a New York entity. *Apple, Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1082 (W.D. Wis. 2012). Samsung sufficiently alleges that U.S. law governs the FRAND obligations implicated by counterclaims 1 and 2. (Dkt. No. 66 at 4).

Wilus argues that the Court lacks subject matter jurisdiction over the counterclaims because they involve foreign patents. (Dkt. No. 56 at 6.) If the Court were to adopt Wilus's position, however, any plaintiff could deprive a U.S. Court of subject matter jurisdiction by including a single foreign patent in its patent portfolio and refusing to only license the domestic patents. When domestic law governs the FRAND obligations, the Court has jurisdiction over the enforcement of those obligations if the patent portfolio includes domestic patents that are not separately offered for licensing by the patent owner. *Cf. Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2021 WL 2349343, at *1 (E.D. Tex. Apr. 14, 2021), *vacated on other grounds*, *Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363 (Fed. Cir. 2025) (discussing FRAND obligations arising under French law). U.S. Courts have properly asserted jurisdiction over claims implicating foreign assets.[2] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794 (5th Cir. 2012).

---

[2] Notably, Wilus does not argue that the Court lacks supplemental jurisdiction over Samsung's counterclaims. *See* 28 U.S.C. §1367. Even if Wilus had, it seems likely that Samsung's counterclaims implicating the foreign patents "form part of the same case or controversy under Article III of the United States Constitution" because they arise from the same licensing negotiations as Wilus's claims against Samsung. *Id.* To the extent Wilus is suggesting that Samsung lacks standing to assert claims involving foreign patents in this Court, the Court finds that Samsung has sufficiently alleged standing because the patent pool included both domestic and foreign patents.

### D. The FRAND Theory Need Not Be Dismissed

Wilus finally argues, in a one-sentence section, that "[t]o the extent the Court determines that Samsung has sufficiently pled claims for breach based upon Wilus's alleged disclosure obligations, the Court should dismiss the portions of counterclaims 1 and 2 that are based on Wilus's alleged breach of FRAND obligations." (Dkt. No. 56 at 9.) The Court finds that Samsung has sufficiently pled breach based upon both its disclosure obligations and FRAND obligations.

## IV.    CONCLUSION

For the foregoing reasons, Wilus' Motion to Dismiss Samsung Amended Counterclaims 1-2 (Dkt. No. 56) is **DENIED**.

**So ORDERED and SIGNED this 12th day of November, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE